JOSEPH RICEMAN *vs.* COMMISSIONERS OF THE
DEPARTMENT OF PUBLIC UTILITIES.

Suffolk.   April 8, 1947. — May 29, 1947.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Civil Service.*

Two appointments of the same person to the same position in the classi-
fied public service of the Commonwealth, one before and one following
a period during which the appointee was not in the employment of
the Commonwealth in any capacity, were separate and distinct ap-
pointments, and the periods of service under them could not be tacked
in determination of the probationary period of six months under Rule
18 of the civil service rules; and removal of the appointee from his
position without notice or hearing within six months after his second
appointment was not invalid irrespective of whether his periods of
service under both appointments totalled more than six months.

PETITION, filed in the Superior Court on May 19, 1943.

The case was heard by *Donahue*, J.

*J. Riceman*, pro se.

*R. Clapp*, Assistant Attorney General, for the respondents.

DOLAN, J.   By this petition for a writ of mandamus the
petitioner seeks to compel the respondent commissioners of
the department of public utilities to reinstate him in the
position of administrative secretary of that department
without loss of pay.   The judge entered an order that the
petition be dismissed.   The petitioner having failed to have
printed his bill of exceptions, which had been allowed, the
judge reported the case for determination by this court of
the correctness of his action.

The facts disclosed by the evidence set forth in the report
may be summed up as follows: The petitioner, a disabled
war veteran (see G. L. [Ter. Ed.] c. 31, § 23, as amended),
was appointed administrative secretary of the department
of public utilities, after certification from a civil service
eligible list, on August 19, 1940.   He was removed from that
position, without notice or hearing by the department, on

February 8, 1941, that is, before the probationary period of six months had expired. Rule 18 (1) of the civil service rules provides that "No person appointed in the official or labor division shall be regarded as holding office or employment in the classified public service until he has served a probationary period of six months." (Properly the petitioner makes no contention that that removal was invalid, since the rule has been held a valid rule having the force of law and applying to veterans, including disabled veterans, subject to the civil service laws. *Younie* v. *Director of Division of Unemployment Compensation*, 306 Mass. 567, 569–572, and cases cited.) Upon his removal one Hardy was appointed to the position from which the petitioner had been removed. On February 9, 1941, the petitioner was reinstated in the position of office manager of the division of unemployment compensation, where he had been employed prior to beginning his term of probationary service as administrative secretary of the department of public utilities. On May 19, 1941, his name was placed upon the civil service eligible list for the position last referred to. He continued to be employed as office manager of the division of unemployment compensation and its successor, the division of employment security, until January 1, 1942, when that service was requisitioned by the President of the United States under his war powers. He then ceased to be an employee of the Commonwealth and entered the employment service of the United States. He did not return to any service in the employment of the Commonwealth until April 12, 1943. At that time, the administrative secretary, Mr. Hardy, having resigned, the petitioner was appointed to that position. On April 22, 1943, he was removed therefrom without the notice and hearing provided for by G. L. (Ter. Ed.) c. 31, § 43, then in force [1] in case of removal of persons "holding office or employment in the classified public service of the commonwealth."

It is the contention of the petitioner that his appointment as administrative secretary on April 12, 1943, was not a new

[1] See now G. L. (Ter. Ed.) c. 31, § 43, as appearing in St. 1945, c. 667, § 1, and as amended by St. 1946, c. 379.

appointment but was one by way of promotion; that, even though his service in that position was not continuous for six months, Rule 18 of the civil service rules does not require that the probationary service shall be continuous; that hence such service need not be continuous; that he did in fact serve in all for more than the probationary period of six months as such secretary, basing this on the ground that the computation of time must be made by adding the number of days of actual service in that capacity; that a finding was required on the evidence that the petitioner at the time of his removal on April 22, 1943, was not serving a probationary period; that his removal without notice and hearing was invalid; and that the respondents had no right to "appoint and employ . . . [him] for the sole purpose of removing him during his probationary period with the sole intent and purpose of evading or circumventing the specific provision of the law" (G. L. [Ter. Ed.] c. 31) that a disabled veteran shall be "appointed and employed in preference to all other applicants." These contentions were made the subject of requests for rulings by the judge, who denied them subject to the petitioner's exceptions, finding that the appointments of the petitioner were separate and distinct. The requests were denied rightly.

The evidence demonstrates that at the time of the second appointment of the petitioner as administrative secretary he was not employed in the classified public service or in any service of the Commonwealth. His second appointment, therefore, could not have been by way of promotion. As ruled by the judge, it was a separate and distinct appointment. Manifestly one not within the service of the Commonwealth at the time of his appointment to a position in the classified public service does not take his appointment by virtue of a promotion because at some time in the past he had occupied a position in that service from which he had departed. It is unnecessary to consider whether the service of the petitioner as administrative secretary of the department involved under the two separate appointments totaled more than six months. (See, however, as to computation of time, *Opinion of the Justices,* 291 Mass. 572, 575; *Boston*

*Penny Savings Bank* v. *Assessors of Boston,* 314 Mass. 599,
.600; G. L. [Ter. Ed.] c. 4, § 7, Nineteenth.)   It is sufficient
to say that there is no merit in the contention of the peti-
tioner that he is entitled to tack his former period of service
in the classified public service as administrative secretary
of the department of public utilities to a later service under
an appointment to the same office made when he had ceased
to be in the employ of the Commonwealth under its classi-
fied public service.   The probationary period began to run
when the petitioner began service under his appointment on
April 12, 1943, and had not expired when he was dismissed.
*McLaughlin* v. *Commissioner of Public Works,* 304 Mass.
27.   Concerning the petitioner's contention that the respond-
ents acted in bad faith in removing him, it is sufficient to
say that the judge found in effect that in removing the
petitioner the respondents were not actuated by improper
motives.

*Order for judgment dismissing petition affirmed.*