ERIC M. SCOTT *vs.* MANAGER STATE AIRPORT, HANSCOM FIELD.

Suffolk.    October 8, 1957. — November 6, 1957.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Report, Case stated.  *Mandamus.   Civil Service.*

Under G. L. (Ter. Ed.) c. 213, § 1B, inserted by St. 1939, c. 257, § 1; c. 231, § 111, a judge of the Superior Court has power to report a mandamus proceeding without decision only upon a case stated. [373]

A paper, although called in the record an "agreed statement of facts constituting a case stated," was not a case stated where it contained references to exhibits "offered in evidence" and statements of conflicting testimony by the parties leaving a material issue of fact unresolved.  [374]

The reasons stated in a notice of discharge given by the appointing authority to a civil service appointee during his probationary period pursuant to G. L. (Ter. Ed.) c. 31, § 20D, inserted by St. 1945, c. 703, § 2, must be taken as final on the facts, but the legal sufficiency of the notice remains open for determination.  [376]

A written notice of discharge given by the appointing authority to a civil service appointee under G. L. (Ter. Ed.) c. 31, § 20D, inserted by St. 1945, c. 703, § 2, toward the end of his probationary period, containing statements tantamount to findings by the appointing authority that the duties of the position, contrary to the appointee's contention, had not been changed during such period and that the appointee had refused to perform certain of the duties and had had a "general uncoöperative attitude," would be sufficient under the statute to terminate the appointee's service and would require dismissal of a mandamus proceeding for his reinstatement in the position.  [376–377]

PETITION for a writ of mandamus filed in the Superior Court on January 17, 1956.

The case was heard by *Swift*, J.

*James P. O'Connell*, for the petitioner.

*Hugh Morton*, Assistant Attorney General, for the respondent.

WILKINS, C.J.  The petitioner by this petition for a writ of mandamus brought in the Superior Court seeks to be restored to a position within the classified civil service as watchman at the State airport in Bedford.  G. L. (Ter. Ed.) c. 213, § 1A, inserted by St. 1939, c. 257, § 1.  A judge reported the case without decision upon what is described in the report as an "agreed statement of facts constituting a case stated."

The power of a judge of the Superior Court to report mandamus proceedings is conferred by G. L. (Ter. Ed.) c. 213, § 1B, inserted by St. 1939, c. 257, § 1, which prescribes that the report must be "in the manner provided" in G. L. (Ter. Ed.) c. 231, § 111, "if such proceedings are at law."  Mandamus proceedings are at law.  *Albee* v. *Lamson & Hubbard Corp.* 320 Mass. 421, 422.  By § 111 only where "there is agreement as to all the material facts" can an action at law be reported to this court without decision.  Such an "agreement" must be exclusively a case stated.  *Scaccia* v. *Boston Elevated Railway*, 308 Mass. 310, S. C. 317 Mass. 245, 248.  *Moore* v. *Election Commissioners of Cambridge*, 309 Mass. 303, 305.  *Members of Bakery & Confectionery Workers International Union* v. *Hall Baking Co.* 320 Mass. 286, 290.

Although the agreement is described as a case stated, its true nature must be determined by its essential characteristics and not by its name or the description applied to it.  *Frati* v. *Jannini*, 226 Mass. 430, 432.  A case stated is an agreement upon "all the material ultimate facts on which the rights of the parties are to be determined by the law."  Id. 431.  The petitioner was appointed watchman at Hanscom Field on January 27, 1955, and performed his duties from January 29, 1955, until about July 1, 1955, at the "Old Building."  On the latter date the "entire operation" was moved to the "New Building."

The principal contention which the petitioner intended to present appears to be that under G. L. (Ter. Ed.) c. 31, § 20D, inserted by St. 1945, c. 703, § 2,[1] his service was wrongfully terminated during the probationary period, in that he was entitled to be judged by the appointing authority on his work in the position to which he was appointed, in this case that of watchman, and that instead he was judged on his refusal to work as janitor. This issue cannot be presented on the basis that the agreement before us is a case stated. In this agreement there are references to what various witnesses "testified," to "testimony," and to exhibits "offered in evidence." Moreover, if this was a pertinent fundamental issue of fact, it is left unresolved in the conflicting summaries of that to which the petitioner and the respondent "testified." The "agreed statement" shows that the petitioner "testified" that the duties were substantially changed to include a much larger amount of janitorial work than he had previously performed, whereas the respondent's "testimony" was to the contrary. Obviously, this is not an agreement upon "all the material ultimate facts on which the rights of the parties are to be determined by the law." *Paulino* v. *Concord,* 259 Mass. 142. *Pequod Realty Corp.* v. *Jeffries,* 314 Mass. 713, 715. *Cerwonka* v. *Saugus,* 316 Mass. 152, 153. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652, 653. *Lapp Insulator Co. Inc.* v. *Boston & Maine Rail-*

[1] ". . . no person appointed in the official or labor service shall be regarded as holding office or employment therein until after he has actually performed the duties of the office or position for a probationary period of six months. There shall be no increase in pay or change in the duties of any such office or position during such a period without the approval of the director [of civil service]. If any such increase in pay or change in duties is made during such a period without such approval, the director may cancel and declare void the certification under which the appointment was made, and thereupon the employment of the person so appointed shall cease. If the conduct or capacity of a person serving a probationary period under an appointment in the official service or labor service, or the character or quality of the work performed by him, is not satisfactory to the appointing authority, he may, at any time after such person has served thirty days and prior to the end of such probationary period, give such person a written notice to that effect, stating in detail the particulars wherein his conduct or capacity or the character or quality of his work is not satisfactory, whereupon his service shall terminate . . . In default of such a notice, the appointment of such person shall become permanent upon the termination of such period."

*road,* 330 Mass. 205, 206. The report is not properly before us, and must be dismissed.

The questions argued are of public importance, and the ultimate disposition of this case may be accelerated by an expression of our views. As we are not dealing with a case stated, we may examine the pleadings. See *Union Old Lowell National Bank* v. *Paine,* 318 Mass. 313, 317. It is alleged in the petition, as amended, and admitted in the answer that the petitioner took the watchman examination pursuant to a civil service poster dated March 23, 1953,[1] which gave the duties as follows: "Under general supervision, during an assigned shift, to guard buildings, grounds, and movable property against trespass or damage by fire or other cause, to supervise inmates, and to care for fires, answer telephones, help with cleaning, or perform other incidental work assigned during the tour of duty." The examination was held on April 11, 1953.

The notice of discharge, which it is agreed that the respondent sent the petitioner on July 22, 1955, assigned as reasons: "1. Your refusal to perform the duties of watchman as outlined in the civil service poster advertising the examination for watchman held 11 April 1953, from which list you were certified for this position at Bedford Airport. Among the duties listed for this position was to help with cleaning, which you refused to do. 2. At the time you presented yourself at this office for the position of watchman at Bedford, the duties were throughly explained to you. Specific questions were put to you as to the scope of the examination, particularly in so far as cleaning duties were concerned. You stated at this time that questions concerning cleaning duties were included in the examination. In view of the above and your general uncoöperative attitude, it is regretted that your services are no longer of any value to this activity."

Section 20D superseded Rule 18 of the civil service rules,

---

[1] The agreed facts erroneously give the date as March 23, 1955. The pleadings control. *Markus* v. *Boston Edison Co.* 317 Mass. 1, 6–7.

which read, "No person appointed in the official or labor division shall be regarded as holding office or employment in the classified public service until he has served a probationary period of six months." This was a valid rule under the statute (G. L. [Ter. Ed.] c. 31, § 3, as amended), and during the period of probation established by it the appointee might be discharged without the notice and opportunity for hearing otherwise required by G. L. (Ter. Ed.) c. 31, § 43, as amended. *McLaughlin* v. *Commissioner of Public Works*, 304 Mass. 27, 29. *Crimmins* v. *Highway Commission of Brockton*, 304 Mass. 161, 163. *Clement* v. *Selectmen of Westwood*, 316 Mass. 481, 483. *Riceman* v. *Commissioners of the Department of Public Utilities*, 321 Mass. 318, 319.

Section 20D introduces certain prohibitions. There can be no increase in pay or change in duties during the probationary period without the approval of the director of civil service. An appointment cannot be terminated during the first thirty days of the probationary period. Thereafter, however, an appointment is subject to termination until an appointee has actually performed the duties of his office or position (as distinguished from serving) for six months, provided certain requirements as to notice are met. If the appointing authority finds that an appointee's conduct, capacity, or the character or quality of the work performed by him is not satisfactory, the appointing authority must give him a written notice stating in detail the particulars. If such notice is not given, the appointment becomes permanent. If such notice is properly given, the reasonable construction of § 20D — in the light of the law previously existing under Rule 18 — is that the appointment is terminated. We think that the reasons given by the appointing authority in a notice must be taken as final on the facts, but that there remains any question as to the legal sufficiency of such notice. As applied to the case at bar, the notice contains what is tantamount to findings by the appointing authority that the duties of the position were not changed and that the petitioner's performance was not

satisfactory. If upon another hearing the facts should appear as hereinbefore discussed, the petition for a writ of mandamus should be dismissed.

*Report dismissed.*