DELABARRE F. SULLIVAN *vs.* COMMISSIONER OF COMMERCE AND DEVELOPMENT & another (and a companion case[1]).

Suffolk.    November 1, 1966. — December 5, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Civil Service.*

Nothing in G. L. c. 31 or in any rule of the Civil Service Commission restricted the power of the Commissioner of the Department of Commerce and Development under c. 23A, § 9, inserted by St. 1964, c. 636,

---

[1] The companion case is by Edward Burton against the same defendants.

§ 1, to remove without prior notice or hearing an employee holding a position in the department by a provisional appointment under G. L. c. 31, § 1, and § 15, as appearing in St. 1964, c. 720, § 1; the power of the Director of Civil Service to remove a provisional employee had no effect on the commissioner's power.

Two PETITIONS for writs of mandamus filed in the Superior Court on July 19, 1965.

The cases were heard by *Coddaire, J.,* on demurrers.

The cases were submitted on briefs.

*Alfred E. Nugent* for the petitioners.

*Edward W. Brooke,* Attorney General, *& Peter Roth,* Special Assistant Attorney General, for the respondents.

WHITTEMORE, J. Each petitioner sought a writ of mandamus to require the respondents as, respectively, the Commissioner of the Department of Commerce and Development of the Commonwealth and the Deputy Commissioner of that department, to reinstate him to his former position of employment. The petitioners have appealed from orders sustaining the demurrers of the respondents. There was no error.

The petitions allege provisional appointments of the petitioners on November 29, 1964, as senior construction engineers; the approval of the appointments by the Director of Civil Service on December 24, 1964; and the dismissal of the petitioners by letters signed by the Commissioner and Deputy Commissioner dated April 20, 1965, and received on April 22, 1965, stating that "your services are no longer necessary . . . as of the close of business on April 20, 1965." The petitions also allege that in the period of their employment the conduct, capacity and quality of the work of the petitioners had been satisfactory.

General Laws c. 23A, § 9, inserted by St. 1964, c. 636, § 1, provides that "The commissioner shall appoint and may remove all employees in the department. Unless otherwise provided by law, all such appointments and removals shall be made in accordance with chapter thirty-one." This requirement makes applicable only those provisions of c. 31 which by their terms apply.

General Laws c. 31 has extensive provisions for the appointment and removal of civil servants. Five categories of appointment are recognized. Three of these (permanent appointment, intermittent appointment and temporary appointment) are made from an eligible list of qualified persons as certified by the Director. G. L. c. 31, §§ 1 and 12. "Emergency appointment" is made without requisition to the Director and is only for a specified time to cover an emergency. "Provisional appointment" is "authorized on a requisition when there is no suitable eligible list." Provisional appointments may be authorized by the Director to fill either a permanent or a temporary position for periods of time fixed by or determined under § 15.

The petitions do not disclose whether the petitioners were provisionally appointed to a permanent or to a temporary position.

By § 15, as appearing in St. 1964, c. 720, § 1, upon authorizing a provisional appointment to a permanent position or the extension of a provisional appointment to a temporary position, the Director must "forthwith proceed to conduct an examination and establish an eligible list" for the position. Authorization to make a provisional appointment shall be void if not exercised within two weeks. "A provisional appointment . . . shall be terminated by the director within fourteen days after the establishment of an eligible list for such position, and it may be terminated by the director at any time." The Director may not authorize a provisional appointment until a statement has been filed with him stating the duties of the position and a proposal as to the type of examination desired. "Any alteration in the nature of the employment of a person holding . . . a provisional appointment or any increase in salary thereof shall immediately terminate such an appointment." Section 25 gives veterans preferential rights to provisional appointments.

These provisions of c. 31 do not in terms or by implication relate to the power of the Commissioner to remove provisional employees in his department. Although the

statute gives the Director duties in respect of provisional appointments, the appointees do not thereby become subject to the tenure and removal provisions of the chapter applicable to other categories of employment.[2]  There is no showing of a rule of the Civil Service Commission purporting to restrict the right of a department head to discharge a provisional employee.  We do not pause to consider whether such a rule would be valid as to an employee to whom the statute gives no tenure.

There being as to provisional employees no tenure, no right of notice or hearing, no restriction of the power to discharge, and no applicable rule, the Commissioner is unfettered by c. 31.  Chapter 31 is certainly no more restrictive of the Commissioner's power than, prior to the insertion of § 20D by St. 1945, c. 703, § 2, it was restrictive of the power of a superior officer to discharge probationary employees without notice and hearing.  Prior to the insertion of § 20D, Rule 18 of the Civil Service Rules provided: "No person . . . shall be regarded as holding office or employ-

---

[2] Section 43 (a), as appearing in St. 1959, c. 569, § 1, gives to persons holding office or employment under permanent appointment "unlimited tenure . . . subject to the provisions of this chapter and the rules made thereunder." Every permanent appointment is by § 1 "subject to a probationary period of six months except where otherwise provided." Section 20D, inserted by St. 1945, c. 703, § 2, provides: "If the conduct or capacity of a person serving a probationary period under an appointment in the official service or labor service, or the character or quality of the work performed by him, is not satisfactory to the appointing authority, he may, at any time after such person has served thirty days and prior to the end of such probationary period, give such person a written notice to that effect, stating in detail the particulars wherein his conduct or capacity or the character or quality of his work is not satisfactory, whereupon his service shall terminate. The appointing authority shall at the same time send a copy of such notice to the director. In default of such a notice, the appointment of such person shall become permanent upon the termination of such period." After the probationary period other provisions for discharge are applicable. Section 43 (a) provides in part: "Before any action affecting employment or compensation referred to in the preceding sentence [of this section 43 (a)] is taken, the officer or employee shall be given a written statement of the specific reason or reasons for the contemplated action, together with a copy of sections forty-three, forty-five and forty-six A, and shall be given a full hearing before the appointing authority on the specific reason or reasons given, of which hearing he shall have at least three days' written notice from the appointing authority, except in cases of separation from service in the official or labor service, resulting from lack of work or lack of money or from abolition of positions, in which case at least seven days' written notice of hearing shall be given by the appointing authority. . . ." By subsection (b) there is a right to a hearing and to a decision by the Civil Service Commission whether the discharge was justified.

ment in the classified public service until he has served a probationary period of six months." That this was a valid rule under c. 31, § 3, is settled. See cases cited in *Scott* v. *Manager State Airport, Hanscom Field,* 336 Mass. 372, 376. Such a rule, of course, could not be made in derogation of a policy or implied term of the statute.

There is nothing in the contention that because the Director has the power to discharge provisional employees, the Commissioner does not. This argument flies in the face of c. 23A, § 9, which expressly gives the Commissioner such power. The power in the Director serves the policy of the statute that appointments be made from eligible lists if possible.

*Orders sustaining demurrers affirmed.*