MICHAEL P. CANNEY vs. MUNICIPAL COURT OF THE CITY OF BOSTON.

Suffolk.    April 9, 1975. — October 3, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Civil Service. District Court,* Review respecting civil service. *Practice, Civil,* Declaratory judgment. *Constitutional Law,* Due process of law. *Words,* "Unauthorized absence."

The Civil Service Commission was without jurisdiction of an appeal from a decision by an appointing authority that an employee was considered permanently separated from the service on account of his "unauthorized absence," and the Municipal Court was without jurisdiction of the employee's petition to review the commission's decision; such conclusions were clearly directed by the scheme of G. L. c. 31, specifically paragraph (*j*), inserted in § 43 by St. 1971, c. 179, § 4, respecting the inapplicability of G. L. c. 31, §§ 43, 45, and 46A to any employee "reported [by an appointing authority] as on unauthorized absence." [650-652]

With respect to a civil service employee who was separated from the service by an appointing authority on account of the employee's alleged "unauthorized absence," the due process requirements of notice, hearing, and judicial review were satisfied where the procedure indicated in G. L. c. 31, § 18, as amended through St. 1971, c. 179, §§ 2, 3, was followed, and reinstatement thereunder by the authority was possible [652-654]; the employee could have brought an action for declaratory relief under G. L. c. 231A [654-655].

The definition inserted in G. L. c. 31, § 1, by St. 1971, c. 179, § 1, of an "unauthorized absence" by a civil service employee which is deemed to be a permanent separation from the service contains standards sufficiently clear to meet due process requirements. [655-656]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on July 2, 1974.

The case was heard by *Wilkins,* J.

*Thomas C. Cameron* for the plaintiff.

*John F. Hurley,* Assistant Attorney General, for the defendant.

HENNESSEY, J. This is an appeal from a judgment of a single justice of this court dismissing the plaintiff's civil action in the nature of certiorari brought before the single justice. See G. L. c. 249, § 4. See also Mass. R. Civ. P. 81 (b), 365 Mass. 841 (1974). The single justice ruled in substance that the Municipal Court of the City of Boston had properly sustained a demurrer to the plaintiff's petition to review the decision of the Civil Service Commission (commission). Briefly stated the questions to be resolved are two: (1) Did the commission and, thus, the Municipal Court have jurisdiction to hear the matters stated in the plaintiff's petition for review? and (2) If the commission and the court are found to be without jurisdiction to conduct such a review is the statutory scheme pursuant to which the plaintiff was reported as permanently separated from service on account of unauthorized absence unconstitutional as violative of due process rights? We answer both questions in the negative and we therefore affirm the decision of the single justice.

The facts are taken from the plaintiff's petition and under the former civil practice are considered as true for purposes of ruling on a demurrer. *Shea* v. *Shea,* 296 Mass. 143, 144 (1936). The facts in so far as they are material to the issues presented need not be stated in detail. It is sufficient to note that the plaintiff, Michael P. Canney, was a civil service employee in the real property department of the city of Boston; that he absented himself from work for a period of approximately ten weeks allegedly due to illness; that his superiors did not accept the reports subsequently submitted to them by Canney's physicians but requested an independent examination at which Canney was found in good physical condition; and that, after a further period following that examination, Canney was notified by the commissioner of real property, the appointing authority under the applicable civil service laws, that Canney was to be considered permanently separated from work on account

of his unauthorized absence.[1]   Canney claimed an appeal
to the commission; following a hearing before a hearing
officer designated by the commission, the appeal was
dismissed for lack of jurisdiction.   Further appeal to the
Municipal Court of the City of Boston was foreclosed
when the commission's demurrer was sustained on the
ground that the court lacked jurisdiction.   As stated, the
single justice dismissed the complaint filed in the county
court.

1. *Jurisdiction of the Commission and the Municipal
Court.*

A dismissal for "unauthorized absence" (see G. L.
c. 31, § 1) as provided for at the time of this proceeding[2]
was rather an anomaly in the civil service laws in that

---

[1] Canney personally wrote a letter in response to the real property
commissioner stating that his absence was by his doctors' orders
"which certainly justifies my absence from work.   They have now
approved my return to work."   On the same day, Canney's attorney
requested the docketing of his appeal with the commission.   The
plaintiff in his brief characterizes the letter as a "written request for
approval of his absence to the appointing authority setting forth an
explanation of the absence satisfactory to said appointing authority"
as under G. L. c. 31, § 18, as amended through St. 1971, c. 179, § 3.
The letter is ambiguous and that characterization is optimistic.   In
any event, no action to restore the plaintiff to his position was under-
taken.

[2] It should be pointed out initially that the decision in this case has
limited applicability, the provisions of G. L. c. 31, §§ 2A and 18,
having been amended by St. 1974, c. 484, to provide for a hearing
before the appointing authority and further providing for appellate
review of an appointing authority's finding of separation from service
for unauthorized absence by the administrator of civil service.   Statute
1974, c. 484, expressly provides:
"SECTION 1.   Section 2A of chapter 31 of the General Laws is
hereby amended by adding after paragraph (*o*), as appearing in
section 6 of chapter 780 of the acts of 1967, the following para-
graph: —
"(*p*) Decide all reviews requested by individuals determined by
appointing authorities to have permanently and voluntarily separated
themselves from the service only after all procedures provided in
section eighteen have been exhausted.   Such review shall be limited
to a determination of whether the individual failed to give proper

such a dismissal was excluded from the general notice, hearing and appellate review provisions of G. L. c. 31, §§ 43, 45, and 46A. Indeed, G. L. c. 31, § 43 (*j*), inserted by St. 1971, c. 179, § 4, expressly provides that "[t]he provisions of this section or sections forty-five and forty-six A shall not apply to any person who has been reported as on unauthorized absence as provided for in section eighteen." Consequently, there is no appeal of right to the commission pursuant to § 43 (*b*) nor is judicial review of the commission's decision obtainable in the District or Municipal Courts under the particulars of § 45. This statutory scheme, specifically § 43 (*j*), makes perfectly clear that the commission and the Municipal Court were without jurisdiction and the demurrer was properly sustained.

The Legislature has clearly differentiated unauthorized absence from other grounds such as to constitute "just cause." G. L. c. 31, § 43, as amended through St. 1970, c. 72, § 1. We presume that this difference in legislative treatment is based on experience obtained under prior laws. Up to 1969, c. 31, § 46C, did provide for review by the Director of Civil Service if the separation from service was on account of unauthorized absence;[3] the Director's decision under these predecessor statutes was in turn subject to further review by the commission.

---

notice of the absence and to whether the failure to give notice was reasonable under the circumstances.

"SECTION 2. The second paragraph of section 18 of said chapter 31, added by section 3 of chapter 179 of the acts of 1971, is hereby amended by striking out the second sentence and inserting in place thereof the following sentence: — The written statement shall inform said person that he is considered to have permanently and voluntarily separated himself from the service, that he may request a hearing before the appointing authority within seven days of the receipt of such written statement, and that a report has been so filed with the director." See also G. L. c. 31, § 2 (*b*), providing for review of the administrator's decisions by the commission.

[3] See St. 1945, c. 704, § 8, which first provided for this type of review.

G. L. c. 31, § 2 (*b*), as amended through St. 1945, c. 725, § 1. See generally, *Cushing* v. *Fire Commr. of Brookline,* 345 Mass. 418 (1963). These review provisions were deleted by the statutory revision effected by St. 1969, c. 3, § 3, and the addition, in 1971, of § 43 (*j*), which precluded, in the case of unauthorized absence, application of the hearing and appeal procedures of §§ 43, 45, and 46A. See St. 1971, c. 179, § 4.

In our opinion this represents a legislative determination that the full panoply of procedural processes usually available under §§ 43 and 45 is not suitable for questions involving unauthorized absence.[4] In any event, as will be shown, adequate provision has been made for notice, hearing and review in such cases.

2. *Judicial review.* Given the clear directive of § 43 (*j*), review by the single justice on the complaint in the nature of certiorari could have been limited to a finding that the demurrer had been properly sustained by the Municipal Court since review by certiorari is "for the purpose of examining and correcting the errors of law manifest upon the record." *Fitzgerald* v. *Mayor of Boston,* 220 Mass. 503, 506 (1915). However, in his complaint before the single justice and in his appeal to this court the plaintiff argues that § 43 (*j*), in so far as it purports to deprive a civil service employee who is reported as on unauthorized absence of the opportunities for notice, hearing, and judicial review, is unconstitutional as denying the employee due process of law. In these circumstances we deem it advisable, as did the single justice, to consider and resolve this issue since the

---

[4] Even under the 1974 amendment (St. 1974, c. 484) separation from service for unauthorized absence is treated differently. Review is by the Director preliminarily rather than the commission and such review of the appointing authority's action "shall be limited to a determination of whether the individual failed to give proper notice of the absence and to whether the failure to give notice was reasonable under the circumstances." A hearing before the appointing authority on request is available however. See fn. 2.

question of a proper forum for hearing and an opportunity to be heard inexorably follows from our determination that neither the commission nor the Municipal Court has jurisdiction to review a dismissal for unauthorized absence.

The plaintiff asserts that by the operation of § 43 (*j*) persons who have been reported on unauthorized absence, "have no right to notice, hearing or appellate review under the civil service law," and he suggests that "[a]ny time an appointing authority decides to rid himself of an employee, all he need do is arbitrarily, capriciously and untruthfully report him on unauthorized absence, and the employee has nowhere to turn because of subsection (j) of section 43."[5] This is not an accurate description of the applicable law. First, under c. 31, § 18, "[w]henever an appointing authority reports an unauthorized absence to the director he shall mail a written statement to the person named in the report. The written statement shall inform said person that he is considered to have permanently and voluntarily separated himself from the service and that a report has been so filed with the director." This notice procedure was followed in this case. Furthermore, the employee may provide the appointing authority with a statement of reasons as to the absence and on that basis the appointing authority may within fourteen days consider the employee for reinstatement. Thus, § 18 provides for the requisite notice.

Second, while hearings and appellate review *under the particular procedures in* §§ 43, 45, are foreclosed, a judicial hearing to review the legality of the finding of

---

[5] We do not question that the plaintiff has demonstrated a property interest which is protected by the due process clause. See *Regents of State Colleges* v. *Roth,* 408 U. S. 564 (1972); *Arnett* v. *Kennedy,* 416 U. S. 134 (1974). And we also do not question that the applicable laws would be of questionable constitutional validity if the plaintiff's characterization of them were correct. However, as will be seen we do not agree with that characterization of the procedures available.

separation from service on account of unauthorized absence is available. Therefore the defendant's statement "that the employee has no right to hearing or review" is erroneous. Although review under §§ 43 and 45 is usually the exclusive remedy to challenge, among other things, dismissal from civil service (*Nevins* v. *Board of Pub. Welfare,* 301 Mass. 502, 504 [1938], and cases cited therein), where those sections are not open to one challenging the legality of the appointing agency's action (as in this case, see § 43 [*j*]), an alternate avenue of review is available.

One means of obtaining such review would be by seeking declaratory relief under G. L. c. 231A.[6] In this regard an analogy is to be drawn to those cases wherein the legality of the dismissal of a tenured schoolteacher has been reviewed in proceedings for declaratory relief. See, e.g., *McCartin* v. *School Comm. of Lowell,* 322 Mass. 624 (1948); *Dimlich* v. *School Comm. of Andover,* 344 Mass. 643 (1962); *Kaplan* v. *School Comm. of Melrose,* 363 Mass. 332 (1973). Cf. *Wishart* v. *McDonald,* 500 F. 2d 1110, 1114-1115 (1st Cir. 1974). "It is settled that

---

[6] General Laws c. 231A, § 1, inserted by St. 1945, c. 582, § 1, provides in pertinent part: "The supreme judicial court, the superior court, the land court and the probate courts, within their respective jurisdictions, may on appropriate proceedings make binding declarations of right, duty, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen and is specifically set forth in the pleadings and whether any consequential judgment or relief is or could be claimed at law or in equity or not; and such proceeding shall not be open to objection on the ground that a merely declaratory judgment or decree is sought thereby and such declaration, when made, shall have the force and effect of a final judgment or decree and be reviewable as such." By Mass. R. Civ. P. 57, 365 Mass. 826 (1974), effective July 1, 1974, "The procedure for obtaining a declaratory judgment pursuant to General Laws c. 231A shall be in accordance with these rules . . .. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

a suit for declaratory relief will lie to challenge the legality of an administrative action even though such action is neither an 'adjudication' nor the promulgation of a 'rule,' provided that the other requirements of maintaining such a suit can be met." *Westland Housing Corp.* v. *Commissioner of Ins.* 352 Mass. 374, 383 (1967), quoted in *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare, ante,* 15, 30 (1975). In our view the requirements of maintaining an action for declaratory judgment are plainly met here, that is to say there is in this case an actual controversy based on the opposing assertion by the employee of a definite legal relation, status, or right and the denial by the appointing authority of that legal claim. For a discussion of the prerequisites to declaratory relief see *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge,* 320 Mass. 516, 518 (1946). Cf. *Smith* v. *Building Commr. of Brookline,* 367 Mass. 765, 768-769 (1975). Through an action for declaratory judgment an employee dismissed for unauthorized absence has available judicial review of his separation from service.[7]

Finally, we think it advisable to answer the plaintiff's claim that the term "unauthorized absence" as defined in G. L. c. 31, § 1, inserted by St. 1971, c. 179, § 1, is constitutionally defective because of the absence of adequate standards. We find the claim without merit. Under § 1, the employee must be absent from work for fourteen days without proper notice being given to the

---

[7] It can be seen then that the question is not as the plaintiff suggests whether § 43 (*j*) is unconstitutional as providing *no* right to hearing or review. Rather, the issue is whether a post-termination judicial hearing is sufficient to satisfy due process requirements. The plaintiff does not brief or address this issue and we express no opinion thereon except to note that we have quite recently rejected a somewhat similar claim. See *O'Hara* v. *Commissioner of Pub. Safety,* 367 Mass. 376 (1975). See also *Arnett* v. *Kennedy,* 416 U. S. 134 (1974); *Goss* v. *Lopez,* 419 U. S. 565 (1975). For a general discussion of due process requirements see *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare, ante,* 15 (1975).

appointing authority. Unauthorized absence is absence "which may not be charged to vacation or sick leave allowance, or for which no approval was given as provided for in section forty-six E." These standards are sufficiently clear to meet due process requirements. *A Juvenile, petitioner,* 364 Mass. 531 (1974). *Petition of the New England Home for Little Wanderers to Dispense with Consent to Adoption,* 367 Mass. 631, 646 (1975). Cf. *Commonwealth* v. *Carpenter,* 325 Mass. 519 (1950); *Alegata* v. *Commonwealth,* 353 Mass. 287, 293 (1967).

The judgment of the single justice is affirmed.[8]

*So ordered.*

---

[8] Although it is clear that the single justice disposed of this case by his ruling on the demurrer, we also note that the single justice, at the request of all counsel, expressed an opinion as to the merits of the plaintiff's claim. He concluded that even if the demurrer should have been overruled, which it was not, the record indicated that the plaintiff failed to show that he had given proper notice of his absence to the appointing authority and there was no showing that the absence could have been charged to the employee's vacation or sick leave allowance. See G. L. c. 31, § 1.