RAYMOND COX *vs.* CIVIL SERVICE COMMISSION. December 10, 1975. This petition for a writ of mandamus was properly dismissed. While the demurrer of the Civil Service Commission (commission) was acted upon after July 1, 1974, and was therefore treated as a motion to dismiss for failure to state a claim upon which relief can be granted (Mass. R.Civ.P. 1A, subpar. 3, 365 Mass. 731 [1974]), the petition cannot pass muster even under the more liberal standards by which pleadings are to be tested when dismissal is sought under Mass. R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). See *Charbonnier* v. *Amico,* 367 Mass. 146, 152-153 (1975). The plaintiff is not entitled to relief under G. L. c. 31, § 43 (as amended through St. 1971, c. 179, § 4), because the tenure and hearing rights conferred by § 43 are available only to a "person holding office or employment under *permanent* appointment" (emphasis supplied) and the plaintiff's appointment to the permanent position from which he was demoted was not a permanent appointment but only a *temporary* one, as defined in G. L. c. 31, § 1 (as amended through St. 1971, c. 685, § 1). See *Dallas* v. *Commissioner of Pub. Health,* 1 Mass. App. Ct. 768, 771 (1974). Nor, on the basis of the allegations in the petition as construed most favorably to the plaintiff (*Charbonnier* v. *Amico, supra,* at 152) or through such argument as is contained in his brief on appeal (see *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 [1958]), can we discern any ground for requiring the commission to entertain the plaintiff's purported appeal under G. L. c. 31, § 2(b) (as appearing in St. 1973, c. 320, § 1), from the failure of the Director of Civil Service (director) to act in the plaintiff's behalf, for the plaintiff has not called to our attention any statutory power or duty in the director to countermand the actions of the plaintiff's appointing authority or otherwise to act in the circumstances. Additionally, our examination of the pertinent statutes discloses none. Compare *Canney* v. *Municipal Court of Boston,* 368 Mass. 648, 651-652 (1975). In sum, "it appears to a certainty that [the plaintiff] ... is entitled to no relief under any state of facts which could be proved in support of the claim[s]" (emphasis omitted). Reporter's Notes under Rule 12(b)(6).

*Judgment affirmed.*

*Sean T. McGrail (Thomas J. Donahue* with him) for the plaintiff.
*Alan K. Posner,* Assistant Attorney General, for the defendant.