RONALD COSTA & others vs. BOARD OF SELECTMEN OF
BILLERICA.

Middlesex.    April 13, 1978. — July 25, 1978.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Civil Service. Police. Notice.*

Notices of discharge sent to three probationary municipal employees
    pursuant to G. L. c. 31, § 20D, which contained general reasons for
    the discharges but cited no specific incidents and described no par-
    ticular course of conduct as bases for the discharges, were insuffi-
    ciently specific to satisfy the requirements of the second paragraph
    of § 20D. [517–520]
There was no support in the record for a contention by a probationary
    municipal employee that his discharge for refusal to accept "more
    than three regular shifts" was not in accordance with the third
    paragraph of G. L. c. 31, § 20D. [520]

CIVIL ACTION commenced in the Superior Court on
January 21, 1976.

The case was heard by *Brogna, J.,* on a master's report.

*Kevin P. Phillips (Frank J. McGee* with him) for the
plaintiffs.

*Edward J. Owens* for the defendant.

GOODMAN, J. This is an action by four plaintiffs who
had been appointed intermittent police officers by the
town of Billerica. All four plaintiffs were subsequently
discharged and claim that their discharges did not com-
ply with the requirements of G. L .c. 31, § 20D (as amend-
ed through St. 1974, c. 835, § 105), for the discharge of
probationary employees.[1] The case was referred to a mas-

_____

[1] Three of the plaintiffs, Ronald Costa, Anthony Lombardo, and
Anthony Ricciotti, were appointed on March 5, 1975, and discharged
on November 26, 1975. The fourth plaintiff, Daniel Turco, was hired
on July 1, 1975, and discharged on November 26, 1975. It has been

ter who found that "[t]he employment of the plaintiffs was lawfully terminated . . . ." The master's report was adopted by the court, and the action was dismissed. All four plaintiffs appealed.

1. *The appeals of Costa, Lombardo and Ricciotti.* We agree with the contention of these three plaintiffs that the termination notices given to them do not comply with the provisions of the second paragraph of § 20D, which requires that such notices "stat[e] in detail the particulars wherein his conduct or capacity or the character or quality of his work is not satisfactory . . . ."[2] The reasons given these plaintiffs in their notices of discharge are set out in the margin.[3]

Prior to the insertion of § 20D by St. 1945, c. 703, § 2, a probationary employee was entitled neither to notice nor hearing upon discharge. *Riceman* v. *Commissioners of the Dept. of Pub. Util.,* 321 Mass. 318, 318–319 (1947). *Scott* v. *Manager, State Airport, Hanscom Field,* 336 Mass. 372, 376 (1957). See *Sullivan* v. *Commissioner of*

---

assumed by all parties that the applicable probationary period is nine months, and we proceed on that assumption without any further analysis.

[2] The second paragraph of that statute provides in pertinent part: "If the conduct or capacity of a person serving a probationary period under an appointment in the official service or labor service, or the character or quality of the work performed by him, is not satisfactory to the appointing authority, he may, at any time after such person has served thirty days and prior to the end of such probationary period, give such person a written notice to that effect, *stating in detail the particulars wherein his conduct or capacity or the character or quality of his work is not satisfactory, whereupon his service shall terminate*" (emphasis supplied).

[3] *Notice to Costa.* "Said action is a proximate result of both your inability to handle routine calls and cooperate with and gain the cooperation of fellow officers."

*Notice to Ricciotti.* "Said action is a proximate result of both your inability to answer calls and take proper police action and failure to follow lawful orders of commanding officers."

*Notice to Lombardo.* "Said action is a proximate result of both your inability to work in harmony with fellow police officers and lack of aggressiveness necessary to the performance of police functions."

*Commerce & Dev.*, 351 Mass. 462, 465–466 (1966). While the Legislature, in adding § 20D, did not provide a hearing procedure for such an employee, it did require that he be furnished with a statement of particulars justifying the discharge. The lack of any further administrative recourse by the probationary employee emphasizes the importance of the requirement that the notice "stat[e] in detail the particulars" motivating the discharge. Such a notice has several functions. The need to articulate specific reasons for decision enforces reflection and serves as a check on action based on a vague dissatisfaction which may be motivated by extraneous considerations. Also, such specification affords the employee the opportunity to explain the incidents complained of, both in seeking further employment and in informal efforts to have the decision reversed. See *Parisi* v. *Gloucester*, 3 Mass. App. Ct. 680, 683–684 (1975). See also *United States* v. *Forness*, 125 F.2d 928, 942 (2d Cir.) (Frank, J.), cert. denied sub nom. *Salamanca* v. *United States*, 316 U.S. 694 (1942).

"This is by no means a vain form." *McKenna* v. *White*, 287 Mass. 495, 498 (1934). In that case the court held that a provision of the charter of the city of Lawrence (St. 1911, c. 621, Part II, § 44) requiring that "[a]ll removals from appointive offices shall be accompanied by a statement of the reason or reasons therefor" was not satisfied by a statement that removal was "for the good of the service." The court pointed out that while such a notice would be sufficient if the charter provided that the notice merely state the "cause," the provision for "reasons" required greater particularity. The court made the following distinction between "cause" and "reason": "Cause occasions the removal. It is a succinct statement of that which produces or leads to removal as the result. Reason or reasons are the circumstances, the proofs, the facts or the motives, which generate the conviction that there ought to be removal. A statement of the reason or reasons for removal is a full and fair answer to the question, why was the removal made . . . . A statement of the

reason or reasons leading to the removal of another from office explores the mind and searches the conscience more deeply than the statement of the cause." Compare *Ray* v. *Mayor of Everett*, 328 Mass. 305, 309–310 (1952), with *Stiles* v. *Municipal Council of Lowell*, 229 Mass. 208, 210 (1918), and *Beaumont* v. *Director of Hosps. & Superintendent of the Boston City Hosp.*, 338 Mass. 25, 26 (1958).

The requirement in § 20D that the notice state in detail, with particularity, the unsatisfactory "conduct or capacity or the character or quality of his work" seems to us at least as stringent as the specificity described in the *McKenna* case and also required in the civil service statutes, which also provide for "reasons" when the ouster of a tenured employee is involved. G. L. c. 31, § 43(*a*). See e.g. *Daley* v. *District Ct. of Western Hampden,* 304 Mass. 86, 92-93 (1939); *Kennedy* v. *Holyoke,* 312 Mass. 248, 249 (1942). The explanations given these three plaintiffs in their notices of discharge (see footnote 3) do not supply sufficient detail as to their allegedly inadequate performance to comply with either the letter of G. L. c. 31, § 20D, or the purpose behind its procedural safeguards. The opaque generalities set out in the notices are clearly susceptible of greater particularization — if particulars there be — well within the capacity of lay officials. Yet no specific incidents are cited, and no particular course of conduct is described. Contrast *Scott* v. *Manager, State Airport, Hanscom Field,* 336 Mass. at 375 (holding valid a notice which specified the employee's refusal to perform cleaning work, a clearly understood part of the duties of the position); *Thibeault* v. *New Bedford,* 342 Mass. 552, 558 (1961) (in which the notice held adequate gave as one reason for the dismissal the employee's heart attack and consequent absence from work).

Accordingly, each of the plaintiffs Costa, Lombardo, and Ricciotti is entitled to reinstatement as a probationary employee with credit for that part of the probationary period served to the date of discharge. Compare *Thibeault* v. *New Bedford,* 342 Mass. at 556. We leave the

question of damages, if any, to the Trial Court on remand. See *Glennon* v. *School Comm. of Boston*, 375 Mass. 757, 767 (1978), in which the court held that statutory procedures for demotion had not been followed and ordered reinstatement and reimbursement for lost compensation. See also *School Comm. of West Springfield* v. *Korbut*, 373 Mass. 788, 795–798 (1977), in which the court approved an arbitration award of reinstatement without tenure where contractual notice and hearing procedures had been violated.

2. *Turco's appeal.* The fourth plaintiff, Daniel Turco, argues that his discharge was not in accordance with the third paragraph of G. L. c. 31, § 20D.[4] He asserts in his brief that he presented evidence at the hearing before the master to the effect that he refused only two regular shifts and one paid detail, which last, he argues, should not count as a refusal. However, this asserted evidence was not made a part of the record and therefore cannot vitiate the master's finding that Turco "refuse[d] more than three regular shifts and a number of details." See *Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 187–190 (1976). This finding makes immaterial, and we do not consider, the plaintiff's argument that there is a distinction between a regular shift and a paid detail.[5]

---

[4] That paragraph provides in pertinent part: "If any such person [an appointee to a permanent position which is less than full time] refuses to accept employment which is regularly recurrent or seasonal at stated periods, *or on three separate occasions refuses to accept employment* under the conditions of his appointment when said appointment calls for employment if, as and when needed ... the services and tenure of such person shall thereupon cease" (emphasis supplied).

[5] The further argument by all four plaintiffs that the defendants have subverted the civil service law by removing them and replacing them with employees with lower scores in the civil service examination has, as the plaintiffs concede, no basis in the master's report; and again no evidentiary basis for the argument was laid in accordance with Rule 49, § 7, of the Superior Court (1974). See *Michelson* v. *Aronson, supra.*

Accordingly, the judgment is reversed, and the case is remanded to the Superior Court Department (G. L. c. 211B, § 1, as inserted by St. 1978, c. 478, § 110) for entry of judgment for the plaintiffs Costa, Lombardo and Ricciotti in accordance with part 1 of this opinion and for entry of judgment dismissing the complaint as to the plaintiff Turco.

*So ordered.*