CITY OF NEW BEDFORD & another *vs.* CIVIL SERVICE COMMISSION & others.

Bristol.    June 6, 1978. — August 8, 1978.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Civil Service. Police.*

Where the personnel administrator had no authority to review a decision by a city to discharge a probationary policy officer pursuant to G. L. c. 31, § 20D, the Civil Service Commission, acting pursuant to c. 31, § 2(b), in reviewing the personnel administrator's decision to reinstate the employee, could go no further than to vacate the personnel administrator's decision. [550–551]

CIVIL ACTION commenced in the Superior Court on October 25, 1974.

The case was heard by *Smith, J.*

*Armand Fernandes, Jr.,* for the plaintiffs.

*Terry Jean Seligmann,* Assistant Attorney General, for the Civil Service Commission & another.

*Anthony M. Arena* for Hunter Thomas, Jr.

GOODMAN, J. A police officer while serving a probation-
ary period was discharged by the city of New Bedford for
various acts and omissions which occurred before and
during that period. See G. L. c. 31, § 20D, as amended
through St. 1971, c. 182, §§ 1 & 2. He complained through
his attorney to the Director of Civil Service (hereinafter
referred to as the "administrator" in accordance with the
change in nomenclature made by St. 1974, c. 835, § 105,
effective July 1, 1975). Thereupon the administrator
wrote to the mayor that as the result of his "review . . .
it appears that the reasons are not those for which termi-
nation is authorized under § 20D." He concluded, "It is,
therefore, my decision that the termination . . . may not
be approved on the basis of the information furnished."
The city appealed to the Civil Service Commission (com-
mission), which held a hearing and, by a vote of three to
two, "Voted; That after review and careful consideration
of all the evidence, to deny the appeal because the ap-
pointing authority's action was not within the purview of
General Laws, Chapter 31, Section 20D." The city there-
upon brought this action in the Superior Court against
the commission, the administrator, and the police officer,
seeking relief, in the nature of certiorari, from the deci-
sion of the commission. G. L. c. 249, § 4, as appearing in
St. 1973, c. 1114, § 289. Judgment was entered reciting
that "[t]he Court ha[d] duly considered the transcript of
the certified record and the proceedings of the Civil Ser-
vice Commission" and ordering that the decision of the
commission be affirmed and the police officer be reinstat-
ed. The city appealed to this court; we reverse.

It is clear, and the defendants virtually concede, that
the administrator was without power in this case to re-
verse the decision by the city to discharge the police offi-
cer pursuant to G. L. c. 31, § 20D. By the first paragraph
of that section an increase in pay or change in duties is
prohibited without approval of the administrator, and by
the second paragraph the administrator is empowered to
"establish procedures assuring the evaluation by ap-

pointing authorities of the performance of police officers during [their] probationary period." The defendants concede that the prohibition in the first paragraph has no application to termination of employment and that such procedures as the administrator has established under the second paragraph "did not relate to grounds for termination."[1] (We do not, of course, intimate any view as to the scope of the administrator's rule-making power under the second paragraph of § 20D.) Citing nothing in the civil service laws in support of the administrator's power in this case, the commission nevertheless points to its "broad authority under G. L. c. 31, § 2(b), to 'hear and decide all appeals from any decision or action of or failure to act by, the director [administrator] upon application of a person aggrieved thereby.'" It argues that the administrator's "administrative action was properly a subject of Civil Service Commission review." This is, however, beside the point. The administrator's decision was beyond his powers and the commission's review could go no further than to vacate that decision. Cf. *Cox* v. *Civil Serv. Commn.*, 3 Mass. App. Ct. 793 (1975).

The structure and content of the civil service laws impels our conclusion; they provide an administrative hearing for tenured employees, G. L. c. 31, § 43, but not for probationary employees, whose rights are defined in § 20D. See *Sullivan* v. *Commissioner of Commerce & Dev.*, 351 Mass. 462, 465–466 (1966); *Costa* v. *Selectmen of Billerica, ante* 516 (1978), in which probationary employees contested their discharge directly in the Superior Court, seeking reinstatement in an action in the nature of mandamus. See also *Scott* v. *Manager State Airport, Hanscom Field*, 336 Mass. 372 (1957); *Thibeault* v. *New Bedford*, 342 Mass. 552 (1961), in both of which discharges under

---

[1] The quotation is from the supplementary memorandum sent to this court on behalf of the commission and the administrator, in which the police officer concurred. Supplementary memoranda on the power of the administrator and the commission in this case were requested by the court at oral argument.

§ 20D were attacked by mandamus. Compare *Canney* v. *Municipal Court of the City of Boston*, 368 Mass. 648 (1975), in which the court held that a discharge for unauthorized absence was not subject to administrative review but suggested that judicial review by declaratory judgment would be available.

Nor do we deem it appropriate to attempt to decide this case "on its merits" as the police officer asks us to do. Contrast *Stetson* v. *Selectmen of Carlisle*, 369 Mass. 755 (1976) (in which the record made in the lower court was sufficient to permit adjudication of a motion for summary judgment); *Canney* v. *Municipal Court of the City of Boston*, 368 Mass. at 656 n.8. The validity of the discharge by the city will depend on whether its action was taken for reasons authorized by § 20D. See *Scott* v. *Manager State Airport, Hanscom Field*, 336 Mass. at 376. The burden of showing the invalidity of the discharge is on the employee, and the determination should be made upon the presentation of evidence to a judge, who can sort out the various related reasons which were adduced and make findings and rulings which we can then review on the basis of a concrete record.

Accordingly, the judgment of the Superior Court is reversed, and the case is remanded to the Superior Court Department of the Trial Court for the entry of judgment quashing the decision of the commission and ordering that it vacate the decision of the administrator. See G. L. c. 249, § 4, last sentence, as appearing in St. 1973, c. 1114, § 289. Costs of appeal are not to be awarded to any party.

*So ordered.*