WILLIAM DUFF vs. SCHOOL COMMITTEE OF MILTON (and a companion case[1]). March 1, 1982. William Duff and Anthony R. DeMeo, the plaintiffs, were probationary custodians in the Milton public schools. See G. L. c. 31, § 34, as appearing in St. 1978, c. 393, § 11.[2] Before the date on which he would have achieved tenure, each received a notice of discharge from the superintendent of schools "on grounds of insufficiencies in quality and quantity of work performance and attitudinal problems." A judge of the Superior Court thought the statement of reasons for terminating the employment of Duff and DeMeo failed to satisfy the requirement of § 34 that the notice state "in detail the particulars wherein his conduct or capacity or the character or quality of his work is not satisfactory." The judge entered judgments in favor of the plaintiffs, directing reinstatement and awarding back pay. From those judgments the school committee has appealed.

The case is controlled by Costa v. Selectmen of Billerica, 377 Mass. 853 (1979). We are of opinion that the reasons for discharge given by the superintendent "identified observed characteristics" of each of the plaintiffs. Id. at 861. While the language of the superintendent's notice is lamentably bureaucratic in style and suffers from consequent opaqueness, the only plausible message is clear enough: the custodians didn't get as much done as they should have and what they did was not done well. Moreover they were uncooperative. The letter of dismissal could not have come as a surprise as it stated "[e]valuations of your performances [sic] have been conveyed to you in previous meetings." The notices, therefore, touch on the employees' conduct, their character and the quality of the work performed. Scott v. Manager State Airport, Hanscom Field, 336 Mass. 372, 376 (1957). It is not required of employers that they describe incidents or events of unsatisfactory performance, Costa v. Selectmen of Billerica, 377 Mass. at 861, although doing so would head off the sort of controversy here presented. The judgments are reversed and new judgments shall be entered dismissing both actions.

So ordered.

Robert D. O'Leary, Town Counsel, for the defendant.
Robert P. Kelly for the plaintiffs.

---

[1] Anthony R. DeMeo vs. School Committee of Milton.

[2] An amendment to § 34 effected by St. 1981, c. 767, § 18, is not material.