Haggerty, J.
This case arises out of an appeal by Eleanor Knox (the plaintiff) pursuant to G.L.c. 30A, § 14(7) of a decision made by the Civil Service Commission (the Commission) regarding the plaintiffs termination by the Department of Social Services (DSS). The Commission ruled: (1) that it did not have jurisdiction over the appeal because the plaintiff is not a civil service employee; (2) that because the plaintiff does not fall within Chapter 31 she is not entitled to the procedural rights afforded under Chapter 310 of the Acts of 1993; and (3) that the Managerial Performance Appraisal Process did not apply to the plaintiff because of the terms of her termination. For the following reasons, DSS’s cross motion for summary judgment is ALLOWED and the plaintiffs motion for summary judgment is DENIED.
BACKGROUND
On May 9, 1983, DSS hired the plaintiff as an Area Program Manager for the Chelsea Area Office. She was assigned to Job Group M-IV. On August 6, 1989, she was transferred to the Tri-City Area Office, where she began work part time as the Area Program Manager in the M-IV job group. DSS considered the plaintiff a provisional employee.
The plaintiff applied to take the Social Worker IV exam in 1985, but the Department of Personnel Administration (“DPA”) canceled the exam because Social Worker IV was not an authorized staff position of DSS. DPA reclassified Social Worker IV as Program Manager IV. On August 30, 1985, the plaintiff took the Social Worker III exam and passed with a score of 93%. DSS upgraded Social Worker III and reclassified it as Social Worker IV. On September 23, 1987, the plaintiff was listed on the certification list for appointment to a temporary Social Worker IV position. She never signed the list to indicate her willingness to accept an appointment. DSS then continued to classify plaintiff as a provisional employee.
On July 27, 1990, the plaintiff took the DPA exam for Social Worker IV and subsequently received a perfect score. The plaintiff was put on the eligible list after the exam, but no appointments were made from the list. The plaintiff continued as a provisional employee and on June 27, 1993, DPA relocated DSS Area Program Managers to the M-V job group. There DSS considered the plaintiff a temporary employee, rather than a provisional employee, and therefore did not consider the plaintiff covered by Civil Services laws.
As a program manager, the plaintiff was reviewed by the Performance Management System. In 1992-1993, the plaintiff received “good” performance reviews. In 1994, the Commonwealth tied managers’ performance reviews to traditional annual step increases and percentage increases in base salary rates. Managers who received a “needs improvement” evaluation would not secure salary increases. The plaintiff never received such a rating.
On April 29, 1994, the plaintiff was denied a merit increase in pay. On October 11, 1994, the plaintiffs supervisor told her that DSS might take disciplinary action against her which could result in her termination. On October 14, 1994, DSS held a formal hearing regarding the plaintiffs performance and DSS subsequently terminated her on October 18, 1994. On November 1, 1994, the plaintiff appealed her termination to the Commission. On August 12, 1997, the Commission determined: (1) that it did not have jurisdiction over the appeal because the plaintiff is not a civil service employee; (2) that the Managerial Performance Appraisal Process did not apply to the plaintiff because of the terms of her termination; and (3) that *222 because the plaintiff does not fall within Chapter 31 she is not entitled to the procedural rights afforded under Chapter 310 of the Acts of 1993.
The plaintiff filed this action pursuant to G.L.c. 30A, §14(7) appealing the Commission’s decision to this Court. The parties now cross move for judgment on the pleadings.
DISCUSSION
The underlying legal issue central to all of the plaintiffs claims in the present case is whether the Commission had jurisdiction to hear the plaintiffs review. Where the Commission’s decision involves a question of law, this Court will review that decision de novo. Belhumeur & others v. Labor Relations Commission, 432 Mass. 458 (2000).
The plaintiff first argues that because she was moved to the M-V Job Group, the plaintiff had a right to the Civil Service Appeals process. This argument must fail, however, because the plaintiffs position in the M-V Job Group was temporary and she was never classified as a Civil Service employee. In fact, according to G.L.c. 30, §46E, no position allocated to job group M-V is ever subject to the provisions of the Civil Service Statute, G.L.c. 31.[2] Thus, the plaintiff cannot avail herself of the rights and remedies available to civil servants under chapter 31 if by statute and by implication she was never a civil servant. As a temporary employee, the plaintiff was not entitled to tenure and hearing rights available to persons “holding office or employment under permanent appointment.” Cox v. Civil Service Comm’n, 3 Mass.App.Ct. 793 at 793 (1975).
The plaintiff next argues that the Commission had jurisdiction over her appeal because G.L.c. 30, §53 charges the Commission with “prompt disposition of any grievance of any employee of the commonwealth . . . relating to the conditions of employment.”[3] The plain language of the statute, however, does not invite such a reading. See Shamban v. Masidlover, 429 Mass. 50, 53 (1999) (where the court must give meaning to the plain and unambiguous language of a statute unless it would lead to an absurd result). Chapter 30, section 53, includes a list of very specific events which all occur during the course of employment such as hours of employment, sick leave, vacation time, overtime and absence. Termination cannot be read into the statute when the context purely relates to what an employee is expected to do during employment. This Court does not believe that the Legislature intended the statute to include termination within “conditions of employment.”[4] Demonstrative of this, is the fact that when compiling the list the Legislature was careful to separate sick leave from “other kinds of leave” in its construction of this section. Such legislative attention to detail leads this Court to conclude that had the Legislature meant to include termination it would have parsed out the language in the same careful manner.
The plaintiff next argues that the DPA was required to set up a career management program that included job protection and she was prejudiced when the DPA denied that protection. The plaintiff posits that this failure gave the Commission jurisdiction under chapter 310 of the Acts of 1993 to take action on the plaintiffs complaint. The plaintiff cannot prevail with this argument. Chapter 310 of Acts of 1993[5] only applies to employees who have rights under G.L.c. 31. As discussed above, the plaintiff was never a civil service employee under the Civil Service Statute, therefore, she can not avail herself of the procedural rights granted under Chapter 310. Moreover, even if the plaintiff had rights under G.L.c. 31, and therefore rights under Chapter 310 of the Acts of 1993, the Commission has discretionary power regarding the exercise of jurisdiction over such a grievance. The term “may" in the statute intimates that the Commission is not required to assert jurisdiction over a grievance. Cohen v. Board of Water Commr’s, 411 Mass. 744 (1992). Thus, the plaintiff has no right of review by the commission under Chapter 310 of the Acts of 1993.
Finally, the Management Performance Appraisal Process under which the plaintiff claims to be aggrieved is a merit pay program. The program ties raises to an employee’s performance on the job. The plaintiff claims to be aggrieved by her termination not her failure to gain a raise. Accordingly, the Managerial Performance Appraisal Process does not give rise to any procedural rights to the plaintiff.
In sum, this Court upholds the Commission’s ruling that it lacked jurisdiction to hear the plaintiffs appeal because the plaintiff is not a civil service employee with rights under Chapter 31 or Chapter 310 of the Acts of 1993, and the Managerial Performance Appraisal Process does not apply to the plaintiff because of the terms of her termination.
ORDER
For the foregoing reasons, the plaintiff s’ motion for summary judgment is DENIED and defendants’ cross motion for summary judgment is ALLOWED.

 G.L.c. 30, §46E provides in pertinent part:
Notwithstanding any provision of law to the contrary, . . . no position allocated to job group M-V through job group M-XII, . . . shall be classified under chapter thirty-one.

 G.L.c. 30, §53 provides in pertinent part:
The personal administrator shall make and from time to time may amend, subject to the approval of the commissioner of administration, rules and regulations providing informal procedure for the prompt disposition of any grievance of any employee of the commonwealth, . . . relating to classification, hours of employment, vacations, sick leave, or other forms of leaves of absence, overtime, and other matters relating to the conditions of employment.

 Although not cited by the plaintiff, School Committee of Newton v. Labor Relations Comm'n., 388 Mass. 557, 565 (1983), does discuss “termination” as a “term and condition” *223 of employment. School Committee, however, can be distinguished from the case at bar in two important ways. First, the court in School Committee, ruled that termination of employment by layoff is a term and condition of employment. Termination by employment in the layoff context assumes an opportunity to return to employment at a later date. In the case at bar, plaintiff was not laid off, she was terminated and thus her employment relationship with DSSended. There was no opportunity for her to return and thus her termination can not be read as a condition of current employment. Secondly, the court in School Committee ruled on language in a collective bargaining agreement where the subject of layoffs and termination are “not peripheral.” The “terms and conditions of employment” language In the statute at bar, however, reflects the events surrounding current employment. It does not in anyway deal with ending employment.

 Chapter 310 of the Acts of 1993 provides in pertinent part:
If the rights of any person acquired under the provisions of chapter thirty-one of the General Laws or under any rule made thereunder have been prejudiced through no fault of his own, the civil service commission may take such action as will restore or protect such rights, notwithstanding the failure of any person to comply with any requirement of said chapter thirty-one or any such rule as a condition precedent to the restoration or protection of such rights.