**Ralph S. GASBARRO, Plaintiff**
**v.**
**J. Maynard AUSTIN, TOWN ADMINISTRATOR OF THE TOWN OF FRANKLIN, Defendant**

**No. 131682**

Superior Court
Commonwealth of Massachusetts
**March 1, 1982**

**Frank J. Teague,** counsel for plaintiff.
**Katherine A. Hesse,** counsel for defendant.
**Judith S. Yogman, Asst. A.G.,** counsel for defendant.

### FINDINGS, RULINGS, ORDER and MEMORANDUM OF DECISION
**Introduction and Order**

By his complaint, as amended, the plaintiff Ralph S. Gasbarro ("Gasbarro"), a former firefighter previously employed by the Town of Franklin and currently residing in Pennsylvania, seeks, pursuant to G.L. c. 231A, a declaration that the termination of his employment as a firefighter by the defendant Town Administrator was unlawful, a determination of his legal rights and status under the civil service laws of the Commonwealth, and an order that he be reinstated to his former position as a firefighter with full back pay. The defendant is the Town Administrator of the Town of Franklin who is the "appointing authority" for the Town as that term is defined in G.L. c. 31, sec. 1. On the basis of the facts found and for the reasons all as set out below, Gasbarro's requests for relief are ordered denied and a judgment is to enter declaring that the termination of Gasbarro's employment as a firefighter by the Town Administrator of the Town of Franklin was and is lawful.

**Findings of Fact**

After a trial of the above action, from the evidence by way of testimony, exhibits, stipulations and inferences therefrom, I find the facts relevant and material to the relief sought by Gasbarro in his amended complaint as follows.

Gasbarro received a permanent appointment as a firefighter to the Fire Department of the Town of Franklin pursuant to G.L. c. 31 in August, 1975. During his employment as a Town of Franklin firefighter, Gasbarro was a

"tenured employee" as that term is defined by G.L. c. 31, sec. 1. As a consequence of physical difficulties suffered due to congenital bladder problems, as of March 25, 1979, Gasbarro had used up all sick leave legally permitted to him and accumulated pursuant to a collective bargaining agreement between the Town of Franklin and the Franklin Permanent Firefighters' Association, which agreement was in effect from July 1, 1977 through June 30, 1979.

In March, 1979, Gasbarro was suffering from headaches, stomach aches and emotional difficulties resulting from his bladder problems. Gasbarro then consulted with both a psychiatrist and a psychologist who each advised him that he should voluntarily admit himself to a hospital for treatment. In response to that advice, on March 29, 1979, Gasbarro voluntarily admitted himself for treatment to the Framingham Union Hospital where he remained until April 25, 1979.

On March 25, 1979, Gasbarro, then at home ill since March 17, 1979, had asked his spouse to meet with and speak to the Chief of the Franklin Fire Department. She did so and, as requested by Gasbarro, she sought a leave of absence on his behalf. By a letter dated March 26, 1979 to the Chief of the Fire Department, Gasbarro's spouse confirmed the conversation they had on March 25, 1979, indicating

> "This is a letter confirming our conversation of Sunday, March 25, stating my request of one month's leave of absence for Ralph Gasbarro because he will be in the hospital for emotional stress. He will be in Framingham Union Hospital under the care of Dr. Peter VanDerWalde and Dr. Sydney Maxwell—475 Franklin St., Framingham, Mass., 1-872-7994. This is also confirming the fact that you accepted the request & that you would inform deputy Chief Howell to fill his shift."

The Chief forwarded that letter to the Town Administrator who received it on March 29, 1979.

By a letter dated March 29, 1979, sent "Certified Mail, Return Receipt Requested" to Gasbarro's spouse, the Town Administrator acknowledged that he had received her letter to the Fire Chief. In that letter to Gasbarro's spouse the Town Administrator indicated to her that

> " . . only the appointing authority, the Town Administrator, may grant a leave of absence. At this writing I do not have sufficient information to reach a decision on this matter . . . (the law) states that if a leave of absence is caused by illness, the request shall be accompanied by substantial proof of such illness. I must have such proof before reaching a decision."

The Town Administrator's letter to Gasbarro's spouse goes on to indicate that on previous occasions:

> "I requested statements from his (Gasbarro's) doctors concerning his health problems during the calendar years of 1976-77-78. This request, now two months old, has been ignored . . . Until I receive written explanations from Mr. Gasbarro's doctors for his repeated absences, I cannot realistically consider your request for a month's leave of absence."

During the first 12 weeks of 1979 Gasbarro had "missed" 11 of 43 assigned tours of duty.

By way of background the Town Administrator for the Town of Franklin had been appointed to that position on January 1, 1979, and shortly thereafter, in his capacity as the appointing authority for the Fire Department, examined that Department's attendance records. When the Town Administrator determined that Gasbarro had missed 260 duty hours during 1978, he asked Gasbarro to meet with him. When, after some difficulty, Gasbarro first met with the Town

Administrator later in January, 1979, Gasbarro was requested to produce medical documentation for his previous illnesses. Gasbarro responded "fine" and contacted a Dr. Gualtri and requested the doctor to provide the requested documentation to the Town Administrator. The doctor did not provide the requested documentation and Gasbarro did not follow up his request. Toward the end of January a Deputy Fire Chief pressed Gasbarro for the documentation and Gasbarro consulted with an official of the Firefighters' Association and that official advised Gasbarro that he was not required to provide the requested documentation and Gasbarro followed that advice.

The Town Administrator, the Fire Chief and Gasbarro's spouse all met at the Franklin Fire Station on April 3, 1979. The purpose of the meeting was to enable the Town Administrator to obtain information about Gasbarro's medical problems. In response to questioning by the Town Administrator, Gasbarro's spouse informed him that her spouse had bladder problems and requested that he contact Gasbarro's physicians at the Framingham Union Hospital for additional information. Gasbarro's spouse indicated that she would inform her spouse that the Town Administrator would be contacting his physicians. On April 6, 1979, the Town Administrator telephoned Gasbarro's psychologist who informed the Town Administrator that Gasbarro was his patient and that he was ill but could not furnish additional information because Gasbarro had not authorized the psychologist to release the information.

On April 19, 1979, the Town Administrator by letter denied Gasbarro's request for leave of absence, indicating in his letter that "Your request for leave of absence does not conform to Section 37 of Chapter 31 of General Laws, as the request does not include a detailed statement of the reasons for the requested leave and substantiating proof of your illness." At some time after Gasbarro's

spouse received that April 19th letter and before April 27, 1979, she telephoned the Town Administrator and requested that he reconsider his denial of Gasbarro's request for a leave of absence. In response, the Town Administrator indicated that if by April 27, 1979 he received both a written report from Gasbarro's psychiatrist at the Framingham Union Hospital and another written request for a leave of absence, he would reconsider his previous denial of Gasbarro's request for a leave of absence. Gasbarro's spouse obtained a letter dated April 26, 1979, signed by both Dr. VanDerWalde (Gasbarro's psychiatrist) and Dr. Maxwell (Gasbarro's psychologist), which letter detailed Gasbarro's medical and psychological problems. Gasbarro's spouse delivered that letter to the Town Administrator's office at 4:00 p.m. on April 27, 1979. The Town Administrator received and read that letter on that day. By a letter prepared by Gasbarro's spouse, signed by Gasbarro, dated April 24, 1979, and purportedly mailed certified mail that day (Gasbarro's spouse did not retain the post office receipt), although not received by the Town Administrator until nine days later or on May 3, 1979, Gasbarro indicated "This is my formal request for one month's leave of absence due to illness to you."

By a letter to Gasbarro dated April 30, 1979, the Town Administrator notified him that

> "This is to advise in accordance with Section 38 of Chapter 31 of the General Laws that you are considered to have been on unauthorized leave since March 27, 1979, and are hereby considered to have permanently and voluntarily separated yourself from the employ of the Town of Franklin as a Firefighter."

Apparently, in response to Gasbarro's letter dated April 24, 1979, received by him on May 3, 1979, by a letter to Gasbarro dated May 4, 1979, the Town Administrator notified him that

"Inasmuch as you were permanently separated from the employ of the Town of Franklin as a Firefighter by my letter to you of April 30, 1979, your request for a leave of absence has no standing and is ineffective."

After a "Civil Service Hearing" requested by Gasbarro and held before the Town Administrator on May 15, 1979, the Town Administrator decided not to restore Gasbarro to his position of Firefighter. On May 22, 1979, Gasbarro filed a written notice of appeal of the Town Administrator's decision not to restore him to his position to the Civil Service Commission. On March 25, 1980, the Civil Service Commission determined that it did not have jurisdiction to hear Gasbarro's appeal under G.L. c. 31, sec. 43, and on August 28, 1980, the Commission made a similar determination with respect to a review of the matter under G.L. c. 31, sec. 2(b).

**Rulings of Law**

**Arguments:** Gasbarro advances several arguments in support of his request for declaratory relief. Gasbarro claims first that the reasons advanced by the Town Administrator in his April 19, 1979 denial of Gasbarro's request for a leave of absence are incorrect as a matter of fact and law; second, that Gasbarro was not on unauthorized leave as asserted by the Town Administrator in his April 30, 1979, letter; third, that Gasbarro had a statutory right to have his April 24, 1979 letter considered as a request for a leave of absence; and fourth that the Town Administrator's decision not to restore Gasbarro to his position was arbitrary, capricious, unsupported by evidence and erroneous as a matter of law. The Town Administrator argues that Gasbarro did not satisfy the conditions precedent set out in G.L. c. 31, sec. 37, to qualify for a leave of absence and that the Town Administrator did not abuse his conceded discretion in denying Gasbarro's request for a leave of absence.

**Jurisdiction:** As a tenured public employee who has been determined to be "permanently and voluntarily separated from service" because of unauthorized absence pursuant to G.L. c. 31, sec. 38, Gasbarro has no recourse either to the courts or to the Civil Service Commission under G.L. c. 31, secs. 41-45. However, as in my opinion appropriately claimed by Gasbarro, as a tenured employee he has a property right to his employment and he cannot constitutionally be removed therefrom without an opportunity for judicial review. While **Canney v. Municipal Court of the City of Boston,** 368 Mass. 648 (1975) involved a termination of a public tenured employee for unauthorized absence under the statutory predecessors of the current G.L. c. 31, secs. 37 and 38, its rationale is directly on point. In **Canney,** the Court ruled that where a tenured public employee is terminated pursuant to the unauthorized absence provisions of the civil service laws, if the Civil Service Commission has no jurisdiction to review the appointing authority's decision, a terminated employee can request the superior court to review the appointing authority's decision in an action for declaratory judgment as was done here. **G.L. c. 31, secs. 37 and 38:** On April 30, 1979, as found above, Gasbarro was separated or terminated from the position of a Town of Franklin Firefighter because of an unauthorized absence pursuant to G.L. c. 31, sec. 38. Gasbarro had sought, pursuant to G.L. c. 31 sec. 37, a leave of absence "for a period longer than fourteen days (which) **shall** be given **only upon written request . . . (which) shall include a detailed statement of the reason** (therefore) . . . (and) **shall be accompanied by substantiating proof of such illness."** (emphasis added). Gasbarro's spouse's March 26, 1979, letter referred to above did not include a detailed statement and was not accompanied by substantiating proof and as a consequence the Town Administrator's April 19, 1979 denial referred to above was not only warranted but mandated as well. In other words and in sum, as of April 19, 1979, the Town Administrator lacked discretion to grant Gasbarro a leave of absence because of Gasbarro's failure to comply with sec.

37's requirement as to detail and as to substantiation. Even if it were possible for the Town Administrator in his discretion to grant or to deny to Gasbarro a leave of absence pursuant to either sec. 37 or sec. 38, the Town Administrator's denial of Gasbarro's request for a leave of absence in the circumstances recounted above would certainly not be arbitrary, capricious or unreasonable and would be supported by substantial evidence and in accordance with the civil service laws of the Commonwealth. Considering Gasbarro's previous and then current very poor attendance record, his reluctance and in fact disinclination to furnish substantiation for previous absences to the Town Administrator, his taking of an unauthorized absence and leaving it to his spouse to work out the details and his seeming failure to assume any responsibility to provide details and substantiation would amply support and justify any discretionary decision by the Town Administrator to deny a request for a leave of absence. It follows from those rulings that Gasbarro was on unauthorized leave as of April 19, 1979, as that term is defined in G.L. c. 31, sec. 38. The Town Administrator's May 4, 1979, response to Gasbarro's April 24, 1979, letter received by the Town Administrator on May 3, 1979, was justified as a matter of fact and law.

**Arbitrariness, etc:** I understand and agree with Gasbarro's assertions that the discharge of a tenured public employee cannot be arbitrary or capricious and must be supported by substantial evidence and be in accordance with common sense and current rules of law. See, **Morse v. Board of Selectmen of Highland,** 1979 Mass. App. Ct. Adv. Sh. 1197, 1201 n.5, 1209. However, that, of course does not involve or permit this Court to substitute its judgment for the judgment of the Town Administrator or to engage in Monday-morning quarterbacking. On the facts found above, what the Town Administrator did was unquestionably in good faith, consistent with applicable law, and most reasonable in reaction to what the situation was at the time.

**Requested Rulings**

I decline to pass upon any of the requests for findings and rulings because many of the requests for findings are not supported by the evidence presented and set out irrelevant and immaterial facts and because many of the requests for rulings are not applicable to the facts here and are argumentative. In my opinion, the findings of fact and rulings of law set out above determine the facts and law relevant and material to the relief sought by Gasbarro.

**Paul G. Garrity**
**Justice of the Superior Court**