POLICE COMMISSIONER OF BOSTON vs. CIVIL SERVICE
COMMISSION & another.[1]

No. 90-P-36.

Suffolk. October 4, 1990. - October 30, 1990.

Present: WARNER, C.J., FINE & GILLERMAN, JJ.

*Jurisdiction*, Civil Service Commission. *Civil Service*, Police, Termination
of employment. *Police*, Discharge. *Words*, "Unauthorized absence."

The Civil Service Commission lacked jurisdiction to review a decision by
an appointing authority under G. L. c. 31, §§ 37 & 38, as appearing in
St. 1978, c. 393, § 11, that a municipal employee was considered per-
manently separated from her employment on account of her "unautho-
rized absence." [473-475]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 14, 1988.

The case was heard by *John C. Cratsley*, J.

*Kevin S. McDermott*, Special Assistant Corporation Coun-
sel (*Zara Kilmurray* with him) for the plaintiff.

*Lisa A. Levy*, Assistant Attorney General, for the Civil
Service Commission.

*Michael D. Powers* (*Shirley M. Foley* with him) for
Medaline Figueroa.

FINE, J. The police commissioner, the appointing authority
for the Boston police department (department), appeals the
affirmance by a Superior Court judge of a decision of the
Civil Service Commission (commission) favorable to
Medaline Figueroa, a Boston police officer. The appeal turns
on the issue whether the commission had jurisdiction to de-
cide Figueroa's appeal of the termination of her employment.

The pertinent facts are not in dispute. Figueroa was ap-
pointed a police officer in 1983. In May of 1985 she re-

---

[1]Medaline Figueroa.

quested, and was granted, a one-year maternity leave. She returned to work in May of 1986. Although she had exhausted her vacation and sick leave sometime before July 27, 1986, Figueroa was absent from work continuously from July 27, 1986, to August 20, 1986. She made no request for a leave of absence for any part of that period, or for any subsequent period. On five occasions between July 27, 1986, and August 20, 1986, Figueroa called the department's "sick line" to report her absence. She attributed the absence either to illness in the family, death in the family, or to stomach pain.

On August 20, 1986, the police commissioner sent Figueroa a termination letter. Referring to the exhaustion of her sick leave and her failure to request a leave of absence, the letter stated: "pursuant to Massachusetts General Laws, Chapter 31, Sections 37 & 38,[2] this department considers you to have permanently and voluntarily separated yourself

---

[2]General Laws c. 31, § 37, as appearing in St. 1978, c. 393, § 11, insofar as relevant, provides as follows:

> "Section 37. An appointing authority may grant a permanent employee a leave of absence or an extension of a leave of absence; provided that any grant for a period longer than fourteen days shall be given only upon written request filed with the appointing authority by such person, or by another authorized to request such leave on his behalf, and shall be in writing. The written request shall include a detailed statement of the reason for the requested leave and, if the absence is caused by illness, shall be accompanied by substantiating proof of such illness . . . ."

General Laws c. 31, § 38, as appearing in St. 1978, c. 393, § 11, provides:

> "Section 38. Upon reporting an unauthorized absence to the administrator . . . an appointing authority shall send by registered mail a statement to the person named in the report, informing him that (1) he is considered to have permanently and voluntarily separated himself from the employ of such appointing authority and (2) he may within ten days after the mailing of such statement request a hearing before the appointing authority. A copy of such statement shall be attached to such report to the administrator.
> "The appointing authority may restore such person to the position formerly occupied by him or may grant a leave of absence pursuant to section thirty-seven if such person, within fourteen days after the mailing of such statement, files with the appointing authority a written request for such leave, including in such request an explanation of the absence which is satisfactory to the appointing authority. The

from employment . . . ." Through counsel, Figueroa requested a hearing before the police commissioner, "pursuant to the provisions of G. L. c. 31, §§ 37 and 38." More than a year later, such a hearing was held before the police commissioner's designee. Figueroa was informed of the results of the hearing by letter from the police commissioner. The letter stated that she was charged "with excessive absenteeism," that "evidence was submitted . . . that [she was] in violation of . . . G. L. c. 31, sections 37 and 38," and that "just cause exists to support the allegations of the complaint and thereby uphold the termination of [her] employment . . . ."

At this point Figueroa, through counsel, claimed an appeal to the commission. At the outset of the hearing, the police commissioner moved to dismiss for lack of jurisdiction on the ground that Figueroa was discharged under §§ 37 and 38 and such discharges, by the terms of the statute, are not subject to review by the commission. The hearing officer proceeded to hear the case. Notwithstanding the language in § 38 relevant to the commission's jurisdiction, on which the police commissioner relied, the hearing officer ruled that the commission had jurisdiction to review the termination of

appointing authority shall immediately notify the administrator in writing of any such restoration or the granting of any such leave.

"If an appointing authority fails to grant such person a leave of absence pursuant to the provisions of the preceding paragraph or, after a request for a hearing pursuant to the provisions of this section, fails to restore such person to the position formerly occupied by him, such person may request a review by the administrator. The administrator shall conduct such review, provided that it shall be limited to a determination of whether such person failed to give proper notice of the absence to the appointing authority and whether the failure to give such notice was reasonable under the circumstances.

"No person who has been reported as being on unauthorized absence under this section shall have recourse under sections forty-one through forty-five with respect to his separation from employment on account of such absence.

"For the purposes of this section, unauthorized absence shall mean an absence from work for a period of more than fourteen days for which no notice has been given to the appointing authority by the employee or by a person authorized to do so, and which may not be charged to vacation or sick leave, or for which no leave was granted pursuant to the provisions of section thirty-seven."

Figueroa's employment. She reasoned that, because there had been no continuous fourteen-day period during which Figueroa had failed to provide some form of notice to the police department, the absences did not fall within the narrow definition of "unauthorized absence" in G. L. c. 31, § 38. The hearing officer's recommendation that Figueroa be reinstated was adopted by the commission, which voted to remand the matter to the department to restore Figueroa to her position without loss of compensation or other rights, and for possible disciplinary action against her for violation of department rules regarding absenteeism.

The police commissioner brought this action in the nature of certiorari in the Superior Court. The judge agreed that the commission had jurisdiction and, finding substantial evidence to support the commission's conclusions on the merits, he affirmed the decision.

We agree with the police commissioner that the commission lacked jurisdiction to decide the matter. Right or wrong, the police commissioner based his action on Figueroa's alleged "unauthorized absence" under G. L. c. 31, §§ 37[3] and 38. His written statements to Figueroa and the personnel administrator notifying them of his action made reference to those sections. So too did Figueroa's request for review by the police commissioner and the commissioner's letter to Figueroa informing her of the results of the hearing.

Section 38 provides that "[n]o person who has been reported as being on unauthorized absence under this section shall have recourse under [the sections providing for notice hearings before the commission, and judicial review] with respect to his separation from employment on account of such absence." The remedy expressly provided for someone aggrieved by the action of an appointing authority under §§ 37 and 38 is review by the personnel administrator, and such review is "limited to a determination of whether such person

---

[3]Although the police commissioner's charges against Figueroa are grounded in § 38, § 37 is also implicated inasmuch as, under that section, she could have requested a leave of absence once her vacation and sick leave had run out, but she failed to do so.

failed to give proper notice of the absence to the appointing authority and whether the failure to give such notice was reasonable under the circumstances." Judicial review of any decision by the personnel administrator adverse to the employee is available by seeking declaratory relief under G. L. c. 231A. See Canney v. Municipal Court of the City of Boston, 368 Mass. 648, 654 (1975).

In arguing that §§ 37 and 38 were improperly invoked by the police commissioner and that the commission, therefore, had jurisdiction to decide whether Figueroa's termination was justified, the commission and Figueroa rely upon the elimination by the 1978 recodification of the civil service laws of the word "proper" before the word "notice" in the definition of "unauthorized absence" now found in § 38. See St. 1978, c. 393, § 11, which revised the definition formerly appearing in G. L. c. 31, § 1. "Unauthorized absence" is defined in § 38 as absence for a specified period without "notice . . . to the appointing authority." The commission and Figueroa argue that the change in wording indicates an intent on the part of the Legislature to narrow the right of an appointing authority to by-pass the notice, hearing, and judicial review provisions of G. L. c. 31, §§ 43 and 44, ordinarily applicable to terminations. According to the argument, the latter provisions apply to review of terminations, except in instances in which the employee gave the appointing authority no notice whatsoever of the absence during a consecutive fourteen-day period after vacation and sick leave had expired, or in which there was a question of fact whether the employee gave the appointing authority some notice.

The statute in its present form, however, retains the provision for review by the personnel administrator to determine whether the employee failed to give "proper notice." Whether or not the deletion of the word "proper" from the definitional part of § 38 has any special significance, we decline to accept the invitation to regard its use elsewhere in § 38 as mere surplusage. There is, we think, even in the present statutory definition of unauthorized absence, an implicit requirement that the notice provided by the employee be at

least minimally reasonable or meaningful. The issue decided by the commission, after hearing, was whether Figueroa failed to provide "notice" and whether her termination, therefore, came within the ambit of G. L. c. 31, § 38, as an "unauthorized absence" for more than fourteen days. That is the precise issue that the Legislature left for decision in the first instance to the personnel administrator, not the commission.

The delay as the case has moved through the department, the commission, and the courts is unfortunate from the point of view of all parties, and all bear some responsibility for it. It took over a year for the police commissioner to schedule a hearing once the request for one was made. The proceedings following Figueroa's request for review by the commission reflect erroneous judgment both on the part of her attorney[4] and the commission as to the appropriate agency to review her grievance. Obviously, the matter should be brought before the personnel administrator without further delay.

The judgment is reversed, and a new judgment is to be entered vacating the decision of the commission.

*So ordered.*

---

[4]Should Figueroa eventually prevail, it may be that any back pay award should reflect her responsibility for the delay from the time the matter was brought before the commission until the termination of this litigation. In addition, a determination would have to be made whether, during any particular period, she was ready, willing, and able to work as a police officer.