POLICE COMMISSIONER OF BOSTON *vs.* PERSONNEL
ADMINISTRATOR OF THE DEPARTMENT OF PERSONNEL
ADMINISTRATION & another.[1]

No. 93-P-1266.

Suffolk. February 14, 1995. - November 6, 1995.

Present: BROWN, JACOBS, & GREENBERG, JJ.

Further appellate review granted, 421 Mass. 1108 (1995).

*Administrative Law*, Judicial review. *Practice, Civil*, Action in nature of
certiorari. *Civil Service*, Police, Termination of employment. *Police*,
Discharge.

A Superior Court judge erred in ruling that a police officer's termination
was lawful, where no error of law was apparent on the record of pro-
ceedings before the personnel administrator and where substantial evi-
dence supported the administrator's determination that the termination
was not lawful. [362-364]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 1, 1991.

The case was heard by *Hiller B. Zobel*, J.

*Barbara A. H. Smith* for Medaline Figueroa.

*Jonathan A. Abbott*, Assistant Attorney General, for Per-
sonnel Administrator of the Department of Personnel
Administration.

*Kevin S. McDermott* for the plaintiff.

BROWN, J. On August 20, 1986, Medaline Figueroa
(Figueroa) was terminated from her employment with the
Boston police department (department) for unauthorized ab-
sences in violation of G. L. c. 31, §§ 37 & 38. Immediately,
Figueroa requested a hearing to contest her termination. Ap-
proximately one year later, on September 16, 1987, the hear-
ing took place before the police commissioner's designee. On
September 25, 1987, the police commissioner notified Figue-

---

[1] Medaline Figueroa.

roa that he had found that her unauthorized absences were in violation of G. L. c. 31, §§ 37 & 38, and "that just cause exist[ed] to . . . uphold the termination of [her] employment." Figueroa appealed to the Civil Service Commission (commission). The police commissioner objected to this proceeding, claiming that the commission lacked jurisdiction to review terminations pursuant to G. L. c. 31, §§ 37 & 38. The commission asserted jurisdiction and found for Figueroa.

The police commissioner then filed an action in the nature of certiorari (G. L. c. 249, § 4) in the Superior Court. That court affirmed the decision of the commission. On appeal, this court concluded that the commission did not have jurisdiction over terminations for unauthorized absences in violation of G. L. c. 31, §§ 37 & 38, and remanded the case to the proper reviewing authority, the personnel administrator, for immediate review limited to the issues of whether proper notice of absence was given and whether the failure to give proper notice was reasonable. See *Police Commr. of Boston v. Civil Serv. Commn.*, 29 Mass. App. Ct. 470, 473-474 (1990).

Thereupon, the personnel administrator found that despite Figueroa's failure to provide proper notice to the police department, her actions were not unreasonable under the circumstances.[2] Again, the commissioner brought an action in the nature of certiorari in the Superior Court. This time, a Superior Court judge found that the administrator erred, that his decision was based upon an error of law, and was unsupported by substantial evidence. The judge then ruled that the termination was lawful. This appeal ensued.

The relevant facts are not disputed by the parties.[3] Figueroa was appointed a police officer in March of 1983. In March, 1984, she attained permanent tenured status. Between July 27, 1986, and August 26, 1986, she did not report

---

[2]The personnel administrator appears to have found significant the department's failure to warn Figueroa that her practice of calling in once for each four-day shift violated the department's rules and regulations.

[3]The factual background is set out in more extensive detail in the prior opinion of this court. 29 Mass. App. Ct. at 470-471.

for work. During this period, Figueroa's work schedule consisted of four days on duty, two days off. She telephoned the department on the first day of each four-day shift (July 27, August 2, August 8, August 14, and August 20) to report her absence for that work period. Department regulations require that an officer report absences on a daily basis. As a result of these absences, the commissioner informed Figueroa, by letter dated August 20, 1986, that her employment had been terminated pursuant to G. L. c. 31, §§ 37 & 38.

General Laws c. 31, § 38, creates a truncated termination procedure for civil service employees who have unauthorized absences of fourteen or more days. A person aggrieved by their termination pursuant to this section may seek review by the personnel administrator. Such review, however, is "limited to a determination of whether such person failed to give proper notice of the absence to the appointing authority and whether the failure to give such notice was reasonable under the circumstances." G. L. c. 31, § 38, as inserted by St. 1978, c. 393, § 11. See *Police Commr. of Boston* v. *Civil Serv. Commn.,* 29 Mass. App. Ct. at 473-474. The question thus presented is whether the Superior Court judge has exceeded the scope of judicial review by reversing the decision of the administrator. See *Yerardi's Moody St. Restaurant & Lounge, Inc.* v. *Selectmen of Randolph,* 19 Mass. App. Ct. 296, 300 (1985). See also *Cambridge Hous. Authy.* v. *Civil Serv. Commn.,* 7 Mass. App. Ct. 586, 587-588 (1979).

The Superior Court judge based his reversal of the administrator's decision on an error of law, which he failed to identify, and upon the lack of substantial evidence. The purpose of an action in the nature of certiorari is "to correct substantial errors of law apparent on the record adversely affecting material rights." *Commissioners of Civil Serv.* v. *Municipal Ct. of Boston,* 369 Mass. 84, 90 (1975), quoting from *Sullivan* v. *Committee on Rules of the House of Representatives,* 331 Mass. 135, 139 (1954). The appropriate standard of review under G. L. c. 249, § 4, "must be determined according to 'the nature of the action sought to be reviewed.'" *Caswell* v. *Licensing Commn. for Brockton,* 387 Mass. 864, 877

(1983), quoting from *McSweeney* v. *Town Manager of Lexington*, 379 Mass. 794, 800 (1980). See also *Mayor of Revere* v. *Civil Serv. Commn.*, 31 Mass. App. Ct. 315, 321-322 (1991). Where an agency has been granted broad, discretionary authority "the standard of review is error of law or abuse of discretion, measured by the 'arbitrary and capricious' test." *Caswell* v. *Licensing Commn. for Brockton, supra* at 878. But where, as here, the authority of the personnel administrator is limited by narrow and objective criteria, "judicial review, becomes 'an assessment of the strength of the evidence supporting the agency's action.' " *Mayor of Revere* v. *Civil Serv. Commn., supra* at 322, quoting from *Yerardi's Moody St. Restaurant & Lounge, Inc.* v. *Selectmen of Randolph, supra* at 300. Under either standard the personnel administrator's decision must stand.

The Superior Court judge based his reversal of the administrator's decision, in part, upon an unidentified error of law. Because the judge did not point out the administrator's error (and because we perceive none on this record), it appears that he may merely have substituted his opinion for that of the administrator; in this instance, the reasonableness of the employee's conduct in failing to provide proper notice.[4] As Figueroa and the commission assert, such a practice is contrary to the basic principles of judicial review of actions by an administrator or an administrative agency. See *Labor Relations Commn.* v. *University Hosp., Inc.*, 359 Mass. 516, 521 (1971) ("[a] court may not displace an administrative board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo"). A court may not substitute its judgment for that of the administrator entrusted by statute with the responsibility for making the

---

[4] "'[A] reviewing court is not empowered to determine the facts anew, or to judge credibility, or to draw different inferences from the facts found." *Gnerre* v. *Massachusetts Commn. Against Discrimination*, 402 Mass. 502, 509 (1988). See also *Faith Assembly of God of S. Dennis & Hyannis, Inc.* v. *State Bldg. Code Commn.*, 11 Mass. App. Ct. 333, 335 (1981).

determination. *Embers of Salisbury, Inc.* v. *Alcoholic Bevs. Control Commn.*, 401 Mass. 526, 529 (1988).

The judge also concluded that the administrator's decision was not supported by substantial evidence. We disagree. Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Boston Edison Co.* v. *Selectmen of Concord*, 355 Mass. 75, 92 (1968). *Mayor of Revere* v. *Civil Serv. Commn.*, 31 Mass. App. Ct. at 32. A careful review of the record indicates that there was ample evidence before the administrator to support his findings which in turn justified his conclusion.

As the record reveals no "substantial error of law" committed by the personnel administrator, and because his decision was supported by substantial evidence, the Superior Court judge erred in vacating the administrator's decision. The judgment is reversed, and this matter is remanded to the Superior Court for entry of a new judgment reinstating the decision of the personnel administrator.[5]

*So ordered.*

---

[5]We affirm what we said in the earlier case at 29 Mass. App. Ct. at 475 n.4:

> "Should Figueroa eventually prevail, it may be that any back pay award should reflect her responsibility for the delay from the time the matter was brought before the commission until the termination of this litigation. In addition, a determination would have to be made whether, during any particular period, she was ready, willing, and able to work as a police officer."