POLICE COMMISSIONER OF BOSTON *vs.* PERSONNEL ADMINISTRATOR OF THE DEPARTMENT OF PERSONNEL ADMINISTRATION & another.[1] November 6, 1996. *Civil Service,* Police, Termination of employment. *Police,* Discharge.

In this case, the Appeals Court vacated the allowance of summary judgment for the plaintiff, the police commissioner of Boston (commissioner). *Police Commn'r of Boston* v. *Personnel Adm'r of the Dep't of Personnel Admin.,* 39 Mass. App. Ct. 360, 364 (1995). The Superior Court judge who granted the commissioner's motion for summary judgment had concluded that the defendant personnel administrator of the department of personnel administration (administrator) should not have set aside the commissioner's termination of the defendant Medaline Figueroa, a Boston police officer, for unauthorized absences in violation of G. L. c. 31, §§ 37 and 38 (1994 ed.). We granted the commissioner's application for further appellate review.

We agree with the result reached by the Appeals Court. The administrator was required to decide whether Figueroa had "failed to give proper notice of [her] absence[s] to the appointing authority and whether the failure to give such notice was reasonable under the circumstances." G. L. c. 31, § 38. Figueroa had furnished notice of her impending work absences before each of her scheduled four-day work shifts. The administrator noted that Figueroa's notification did not strictly comply with police department rules regarding proper notice, but he found nonetheless that the notice given by Figueroa was not unreasonable. In reaching this conclusion, the administrator did not, as the commissioner argues, improperly shift the burden of proof or base his decision on a subjective, rather than an objective, standard of reasonableness. The administrator reached his decision on the facts and issues addressed at the hearing including evidence that in similar situations, the Boston police department always alerted officers to the dangers of unauthorized absences. The administrator concluded, on all the information put before him, that Figueroa's belief was reasonable in light of the

---

[1]Medaline Figueroa.

objectively relevant facts and circumstances. This decision was one to be made in the first instance by the administrator, and his decision is to be accepted by a reviewing court if, as is the case here, it is supported by substantial evidence and not tainted by error of law. As the Appeals Court observed, the case is essentially governed by the principle that "[a] court may not displace an administrative board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." 39 Mass. App. Ct. at 363, citing *Labor Relations Comm'n* v. *University Hosp., Inc.*, 359 Mass. 516, 521 (1971).

Summary judgment is vacated, and the case is remanded to the Superior Court for the entry of a judgment which reinstates the decision of the administrator.[2]

*So ordered.*

*Kevin S. McDermott* for Police Commissioner of Boston.

*Barbara A. H. Smith* for Medaline Figueroa.

*Kathryn B. Palmer*, Assistant Attorney General, for Personnel Administrator of the Department of Personnel Administration.

---

[2]Figueroa was terminated on August 27, 1986, and the case before us was commenced on April 1, 1991. We agree with, and make part of the rescript, the following additional determination of the Appeals Court:

"Should Figueroa eventually prevail, it may be that any back pay award should reflect her responsibility for the delay from the time the matter was [initially] brought before the [reviewing authority] until the termination of this litigation. In addition, a determination would have to be made whether, during any particular period, she was ready, willing, and able to work as a police officer." *Police Comm'r of Boston* v. *Personnel Adm'r of the Dep't of Personnel Admin.*, 39 Mass. App. Ct. 360, 364 (1995), quoting *Police Comm'r of Boston* v. *Civil Serv. Comm'n*, 29 Mass. App. Ct. 470, 475 n.4 (1990).