King, J.
The plaintiff, Bailarín Inc. dba Hungry I, seeks review pursuant to G.L.c. 249, §4 of the defendant’s denial, dated July 25, 1996, of its application for a seven day all-alcoholic beverages license. Upon consideration of the administrative record, case law and arguments oí counsel, the court will vacate the defendant’s decision and order the defendant to issue a license to the plaintiff.[1]
BACKGROUND
The plaintiff Bailarín, Inc. dba Hungry I (Hungry I) is a first-class French restaurant at 711/2 Charles Street in the Beacon Hill section of Boston, a mixed residential and commercial area. The plaintiff has been in business at its present location since 1981. Approximately one-third of the restaurant’s patrons are residents of Beacon Hill. Tourists comprise another one-third of its patrons.
Letters from patrons of the restaurant attest to its subdued, intimate character. The Hungry I may seat a maximum of 49 guests at its tables. The restaurant serves dinner every evening from 6:00 p.m. to 9:30 p.m. (10:00 p.m. on weekends) and brunch on Saturdays and Sundays from 11:00 a.m. to 3:00 p.m. Seventy percent of the restaurant’s business is derived from the sale of food, and thirty percent is derived from the sale of beverages. The restaurant does not have a bar.
Under its current license, the Hungry I may only serve beer and wine to its patrons. Many of the restaurant’s patrons request alcoholic beverages other than beer and wine, and in some instances have left the restaurant when told none are available. On October 3, 1995, the restaurant applied for a license to *609 serve all-alcoholic beverages. After a public hearing on November 1, 1995, the Board rejected the application. The Hungry I appealed to the Alcohol Beverages Control Commission, which remanded the matter to the Licensing Board with the recommendation that the Licensing Board consider testimony in support of the application and that the applicant make reasonable efforts to resolve the noise issue raised by abutting residents. On July 25, 1996, after a second public hearing, the Licensing Board again denied the application of the Hungiy I. This appeal followed.[2]
There was a large turn-out at the July 24, 1995 public hearing on plaintiffs application. The Licensing Board received a number of letters concerning the application and a petition signed by several hundred persons who support the application. The Licensing Board allowed ten persons to speak in favor of the application and ten persons to speak in opposition. At least two abutters spoke in favor of the application. Several nearby residents spoke in opposition. In determining the public need, the Licensing Board may properly consider the opinions of local residents. See Beacon Hill Civic Assoc. v. Ristorante Toscano, Inc., 422 Mass. 318, 322 (1996). The plaintiff has agreed to most of the conditions requested by his neighbors. For example, some neighbors are concerned that there will be an increase in noise from the premises if the plaintiff served its patrons at a bar. The plaintiff readily agreed not to enlarge the existing service bar in the restaurant. Patrons are not served at the service bar.
The opposition to the application was spearheaded by the Beacon Hill Civic Association. The principal argument against granting the application was the “opening of the floodgates” argument. That is, if the Licensing Board grants the plaintiffs application, others will be encouraged to apply for all-alcoholic beverages licenses and the Licensing Board would not be able to turn those applications down. The potential for “opening the floodgates” would not, however, constitute an appropriate basis for refusing an all-alcoholic beverages license. When evaluating a license application, the Licensing Board should address public need at the time of the individual application. See G.L.c. 138, §23, par 1; Great Atlantic & Pac. Tea Co., Inc. v. Board of License Comm’rs of Springfield, 387 Mass. 833, 838 (1983).
The Licensing Board’s 1996 decision incorporated its 1995 decision which stated that the area was “already sufficiently well-served with alcohol licenses." The Licensing Board’s 1996 decision cited the adequacy of the four existing establishments with all-alcohol beverages licenses. These four licenses, together with the ten beer and wine licenses on Charles Street “constitute an adequate number of places at which local residents may obtain the different sorts of beverages . . . The Board finds that there is no public need for an additional license at this location . .. Too many licenses tend to have a destabilizing effect on the sale of alcoholic beverages in the area.”
The administrative record does not support the Licensing Board’s findings. At the time of the hearing before the Licensing Board, there were only two establishments on Charles Street with all-alcoholic beverages licenses, the Beacon Hill Pub and Ristorante Toscano. Also, only eight, not ten, establishments had beer and wine licenses.[3]
DISCUSSION
The standard of review for certiorari pursuant to G.L.c. 249, §4 depends upon the type of action being appealed. Police Comm’r of Boston v. Personnel Administrator, 39 Mass.App.Ct. 360, 362 (1995) (citations omitted) aff'd, 423 Mass. 1017 (1996). Where, as here, the agency exercised broad, discretionary authority, the “standard of review is error of law or abuse of discretion, as measured by the ‘arbitrary and capricious test.’ ” Caswell v. Licensing Comm’n for Brockton, 387 Mass. 864, 878 (1983). See Dixie’s Bar, Inc. v. Boston Licensing Board, 357 Mass. 699, 703 (1970). An agency’s decision is arbitrary and capricious when it is without evidentiary support. Mass. General Hosp. v. Comm’r of Public Welfare, 350 Mass. 712 (1966). This standard imposes a lesser degree of judicial scrutiny than the substantial evidence test under G.L.c. 30A, §14. Great Atlantic & Pac. Tea Co. v. Board of License Comm’rs of Springfield, 387 Mass. at 837 n.9.
The Licensing Board may grant liquor licenses “with a view only to serve the public need and in such a manner as to protect the common good and, to that end, to provide, in the opinion of the licensing authorities, an adequate number of places at which the public may obtain . . . the different sorts of beverages for the sale of which provision is made.” G.L.c. 138, §23. The statute grants the Licensing Board broad discretion in determining what constitutes “public need” and the “common good.” The Licensing Board itself found that the existence of four establishments serving all-alcoholic beverages on Charles Street constitutes an “adequate number of places at which local residents may obtain” alcohol. The Licensing Board was mistaken in its finding that four such licenses already existed. The Hungiy I would be only the third establishment to hold such a license. Consequently, the Licensing Board’s decision is without evidentiary support in the record. The Licensing Board’s decision to deny the plaintiffs application for an all-alcoholic beverages license, in light of the number of existing all-alcohol licenses, is arbitrary and capricious. Granting an all-liquor beverages license to the Hungry I would fulfill the Licensing Board’s determination of the “public need” for liquor licenses on Charles Street. For this reason, the court will annul the Licensing Board’s decision and remand the case for the issuance of the requested license.
*610 In ordering the Licensing Board to issue an all-alcohol beverages license to the Hungry I, the court’s implementing the Licensing Board’s own Judgment that four such licenses meet the public need on Charles Street.
ORDER
Accordingly, the court orders that judgment shall enter for the plaintiff. The Licensing Board of the City of Boston’s decision of July 25, 1996 is annulled. This case is hereby remanded to the Licensing Board of the City of Boston where said Board shall grant the application for a license to serve all-alcoholic beverages within 30 days.

 The court allowed the Beacon Hill Civic Association to file an amicus brief. The Beacon Hill Civic Association is a volunteer group composed of residents of the Beacon Hill neighborhood of the City of Boston.

 The Alcoholic Beverages Control Commission lacks authority to order the issuance of a license. G.L.c. 138, §67.

 Counsel for the parties stipulated to these numbers at the hearing before this court.