Connon, J.
INTRODUCTION
This is a motion for judgment on the pleadings pursuant to Superior Court Standing Order 1-96. The defendant, the Town ofBourne Conservation Commission (“Commission”), has brought this motion in the nature of certiorari seeking judicial review of the Commission’s decision pursuant to G.L.c. 249, §4 and seeking declaratory relief pursuant to G.L.c. 231A. The Plaintiff, Cape American Cranberry Corporation (“Cape American”) opposes the Commission’s motion affirming the Commission’s “Positive Determination of Applicability” (“PDA”) of the Bourne Wetland Protection By-Law and alleges in a cross motion for judgment on the pleadings Cape American’s property is exempt from the By-law[2] and the DEP’s Final Decision Preempts the Commission’s PDA.
BACKGROUND
On October 1, 1996, Cape American purchased twenty-six (26) acres of land in Bourne, Massachusetts (the “Property”). The Property consists of three cranberry bogs. Although the Property was not producing cranberries when Cape American purchased the Property, normal maintenance activities had been preformed on the bog during the preceding five years. On May 30, 1997, the Commission became aware that Cape American had commenced work on the Property. The following day the Commission’s Chairman conducted an on-site investigation and issued a cease and desist order. The Chairman also required Cape American to submit an application to the Commission by July 2, 1997, detailing the planned work and requesting regulatory approval of the same. Cape American did not file the application within the requested time *207 so the Commission, on its own initiative, filed a “Request for Determination of Applicability” (“RDA”) pursuant to the Bourne Wetland Protection By-Law and the Massachusetts Wetlands Protection Act with the Commission. Cape American asserted that the Property was exempt from the Bourne Wetland By-law §3.7.1 and thus the Commission lacked jurisdiction over the Property. On August 7, 1997, following a public hearing which Cape American objected to and did not participate in, the Commission issued a “Positive Determination of Applicability” claiming the bogs are wetlands subject to the jurisdiction of the Massachusetts Wetlands Protection Act, G.L.c. 131. §40, and the regulations promulgated thereunder in 310 CMR 10.00 (the “Act”), as well as, the jurisdiction of the Commission pursuant to the Bourne Wetland Protection By-Law §3.7.
Cape American commenced this action on October 3, 1997, to appeal the Commission’s PDA. Cape American also filed an administrative appeal of the Commission’s PDA with the Department of Environmental Protection (“DEP”) pursuant to G.L.c. 131, §40 and 310 CMR 10.05. On or about March 17, 1998, Cape American filed a motion to stay this action until the DEP issued its final determination in the administrative appeal. In support of the motion to stay, Cape American asserted that (1) Bourne’s By-Law incorporates by reference all “exemptions” set forth in the Act; (2) that the “agricultural exemption” set forth in 310 CMR 10.04(a) (Agriculture) is one of the exemptions; and (3) since the By-law incorporates the “agricultural exemption” a determination by the DEP on the issue of whether the Property is exempt under the act is ipso facto dispositive of any such determination under the By-law. The court granted the motion to stay on December 21, 1998 (O’Neill, J.).
During the stay the DEP held a full hearing which Cape American took part in and on July 9, 1998, issued a Negative Superseding Determination of Applicability which had the effect of exempting the Property from regulation under the Act. The DEP issued a Final Decision on July 13, 1999, finding that Cape American’s bogs qualified for the agricultural exemption, but the exemption was limited in scope to the “limits of the cranberry bogs as shown on plans entitled ‘Plan of Land Showing Perimeter of Bogs’ ” (the “Plan”).
The Parties filed motions for judgment on the pleadings, an assented to motion to vacate the stay and the Commission has moved to expand the administrative record.
DISCUSSION
A. Preliminary Motions
The Commission has filed concomitantly with its motion for a judgment on the pleadings, a motion to vacate the stay and a motion to expand the administrative record. The motion to vacate the stay is assented to by Cape American and is hereby allowed. The Commission’s motion to enlarge the administrative record to include: (1) minutes from the Commission’s hearing on August 6, 1997; (2) the Department of Environmental Protection's Final Decision dated July 13, 1999; and, (3) the “Plan of Land Showing Perimeter of Bogs” prepared by G.A.F. Engineering, Inc. dated February 22, 1999 and relied upon by the DEP in its Final Decision, is allowed in order for this action to be finally adjudicated.
B. Standard of Review
A writ in the nature of certiorari under G.L.c. 249, §4 is the appropriate procedural remedy in this case. Section 4 of the G.L.c. 249 provides in part: “[a] civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or on appeal, may be brought in the supreme judicial or superior court . . . The court may enter judgment quashing or affirming such proceedings or such other judgment as justice may require.”
Judicial review under G.L.c. 249, §4, an action in the nature of certiorari, is limited to correcting substantial errors of law apparent on the record adversely affecting material rights. Carney v. City of Springfield, 403 Mass. 604, 605 (1995); MacHenry v. Civil Service Commission, 40 Mass.App.Ct. 632, 634 review denied, 423 Mass. 1106 (1996). Further, certiorari lies only where petitioner has exhausted all administrative remedies. The standard of review varies according to the nature of the action for which review is sought. Forsyth School for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 217 (1989); Police Commissioner of Boston v. Personnel Administrator, 39 Mass.App.Ct. 360, 362, aff'd, 423 Mass. 1017 (1995). Where the action sought to be reviewed is the proper exercise of the commission’s discretion in the imposition of conditions for the protection of wetlands, an arbitrary and capricious standard should be applied. T.D.J. Development Corp., 36 Mass.App.Ct. at 128, citing Forsyth School for Dental Hygienists, 404 Mass, at 217 and n.2.
The test under this standard is not whether the court would reach the same result as the agency or board; rather, the decision of the agency or board can be disturbed only if it is based on a legally untenable ground or is unreasonable, whimsical, capricious, or arbitrary. Forsyth School of Dental Hygienists, 404 Mass, at 218, quoting Gulf Oil Corp. v. Board of Appeals of Framingham, 355 Mass. 275, 277 (1969). In brief, under the arbitrary and capricious standard, it is the plaintiffs’ “formidable burden of proving the absence of any conceivable ground upon which the regulations can be upheld.” Worcester Sand & Gravel Co. v. Board of Fire Prevention Regulations, 400 Mass. 464, 466 (1987), citing Arthur D. Little, Inc. v. Commissioner of Health & Hosps. of Cambridge, 395 Mass. 535, 553 (1985).
*208 C. The Commission’s PDA is Arbitrary, Capricious and a Substantial Error of Law
While this action was stayed, Cape American appealed the Commission’s PDA to the DEP pursuant to G.L.c. 131, §40 and 310 CMR 10.05. The appeal to the DEP was fully and actively litigated. The DEP issued a Final Decision finding that Cape American’s bogs are “land in agricultural use” exempt from regulation under the Act. See, 310 CMR 10.04(a) (Agriculture).[3] The Final Decision of the DEP supersedes the PDA unless Bourne’s By-law is consistent with, but more stringent than, the Act. See DeGrace v. Conservation Commission of Harwich, 31 Mass.App.Ct. 132, 135 (1991); Hamilton v. Conservation Commission of Orleans, 12 Mass.App.Ct. 359, 366 (1981). However, if the local By-Law and the Act are consistent and the By-law is not more stringent, and the DEP has issued a superseding order, the DEP has the authority to make the final decision and an appeal of the Commission’s order to the court is moot. DeGrace, 31 Mass.App.Ct. at 136.
The Commission claims the By-law is more stringent than the Act and therefore the DEP final decision is inapplicable. The court disagrees. Section 3.7.1 of the By-law states; “all exceptions/emergencies permitted under the State Wetlands Protection Act, G.L.c. 131, §40, . . . shall be permitted under this bylaw.” The By-law further states “the definitions contained in the Act and the Regulations at 310 CMR 10.00 et seq., are incorporated herein by reference and made part of the by-law, except where the language in this by-law is more definitive, in which event the language of this by law shall prevail.” Section 3.7.4. However, there is no language in the By-law which is more definitive than the Act concerning the definition of “land in agricultural use,” which is the exemption the DEP found applicable. As a result, the DEP Final decision supersedes the Commission’s PDA See DeGrace, 31 Mass.App.Ct. at 135.
Even if, arguendo, the By-law was more stringent than the Act, it is not consistent with the Act[4] and therefore in violation of the clear intention of the legislature. In 1991 the Massachusetts Legislature clearly intended to preempt local action and regulations over land in agricultural use because nonuniform definitions for “work preformed for normal maintenance or improvements of land in agricultural use"[5] were causing confusion in the agricultural community and the Legislature wanted consistency. In the Acts 1991, c. 141, §1 the Legislature stated;
Farmers across the state are faced with the growing morass of regulations and restrictions which is increasing the cost of farming and jeopardizing the future economic viability of our farms . . . although the Wetland Protection Act exempts ‘work performed for normal maintenance or improvement of land in agricultural use’ many routine and longstanding farm operations are being challenged by local and state agencies, creating confusion, frustration and in some cases costly delays. The intent of this act is to establish a uniform definition to assist the agricultural community in complying with the Wetland Protection Act and reducing the current uncertainty that exists.
Here, the Legislature clearly intended to preempt local action and as a result if the By-law were more stringent and therefore inconsistent with the Act it would be void. See Boston Gas Co. v. Somerville, 420 Mass 702, 703-04 (1995), and the cases cited therein. As a result, even if this court had found the By-law more stringent than the Act, the By-law would be preempted by the Act because it would be inconsistent with the clear legislative intent.
In light of the expanded record[6] and the fact that the Bourne Wetland Protection By-Law §3.7 cannot be more stringent or inconsistent with the Act in light of Acts 1991, c. 141 §1, the Commission's PDA is arbitrary and capricious, as well as an error of law, and therefore cannot stand. See Carney, 403 Mass, at 605; Forsyth School for Dental Hygienists, 404 Mass, at 218. The court finds that the DEP’s Final Decision stands. See DeGrace 31 Mass.App.Ct. at 135.
Lastly, the Commission claims the DEP’s Final Decision does not cover the entire Property and that the land adjacent to the bogs should not be exempt from the Commission’s jurisdiction because the Bylaw protects relevant interests, such as pollution, which are not covered by the Act. However, the Commission is merely speculating and puts forth no evidence of harm to any protected interest. Since there is not a scintilla of evidence showing that Cape American is causing pollution[7] to occur and Cape American must comply with the provisions of the Federal Clean Water Act, the entire Property is presently exempt from the Commission’s jurisdiction. Furthermore, the area immediately adjacent to, and necessary for the operation of the bog, naturally is included under the “agricultural exemption” and not subject to the jurisdiction of the Commission. If however, in the future, Cape American is harming an interest protected by the By-law the Commission can, at that time, commence the appropriate action against Cape American.
ORDER
It is hereby ORDERED that the Town of Bourne Conservation Commission’s motion to vacate the stay is ALLOWED. It is further ORDERED that the Town of Bourne Conservation Commission’s motion expand the administrative Record to include the Conservation Commission minutes for August 6, 1997, the Department of Environmental Protection’s final decision dated July 13, 1999, “Plan of Land Showing Perimeter of Bogs” prepared by G.A.F. Engineering, Inc. dated February 22, 1999 and relied upon by the DEP in its Final Decision is ALLOWED.
It is DECLARED that the Town of Bourne Conservation Commission has no jurisdiction over Cape *209 American's Property. Accordingly, It is ORDERED that the Town of Bourne Conservation Commission’s motion for judgment on the pleadings is DENIED and Cape American Cranberry Corporation's motion for judgment on the pleadings is ALLOWED.

 As a result of the exemption Cape American further alleges that Commission lacks jurisdiction over the Property.

 The exemption only applies to the actual bogs as depicted on the Plan.

 See 310 CMR §10.04

 This is the exemption the DEP applied to the Property.

 Including the Final Decision of the DEP which the court finds supersedes the Commission’s PDA under DeGrace.

 On January 13, 1999, Judge O’Neill denied the motion to lift the stay for essentially the same reason.